[Civ. No. 780. Fourth Appellate District.—April 6, 1932.]

In the Matter of the Estate of W. P. BARTLETT, Deceased. JOHN H. BARTLETT, Appellant, v. J. A. MILLIGAN et al., Executors, etc., Respondents.

John H. Bartlett, *in pro. per.*, for Appellant.

Guy Knupp for Respondents.

BARNARD, P. J.—W. P. Bartlett died on July 5, 1929, leaving as his only heirs and next of kin a half sister and a half brother, the latter being the contestant herein. He left a will in which, after making certain bequests, he left the bulk of his estate, consisting of about $30,000 worth of property, in trust to three trustees. These trustees were given full power to control and manage the property; to collect and receive all income and pay all expenses in connection therewith; to sell and convert any and all of the property into cash; and to invest and reinvest from time to time, in their own discretion, all trust funds, including the proceeds of any sale of any property. It was then provided that the net income should be used as follows:

"The entire net income received or derived from the trust estate shall be used and applied by my said Trustees for the assistance of such worthy, talented, industrious and needy young men or young women residing in the State of California, as shall be selected by said Trustees, and for the purpose of enabling any such young man, or young woman to pursue his or her studies, or develop his or her talent in any school or university in the State of California. I direct that said income shall by my said Trustees be either loaned to the designated beneficiaries at small interest rate, or be given outright, as shall in the judgment of said Trustees seem advisable.

"I have for many years been greatly interested in young men and young women of special talent and industry, and I hope by means of the trust fund hereby created to serve the public interest and welfare by the development of talent and ability."

During the course of the probate proceedings a petition for distribution in accordance with the terms of the will

was filed, which was opposed by this contestant on the ground that the trust provisions of the will are invalid and that the contestant and the half sister are entitled to have the residue of the estate distributed to them. Distribution was ordered in accordance with the prayer of the petition and this appeal followed. Reversal is asked upon three grounds, which will be taken up in order.

The claim is first made that this is not a public charitable trust, and that it is void because of the indefiniteness of the class affected, because this class is so small, and because the power of selecting the beneficiaries is vested in the trustees. The following definition of a charity has been quite generally approved:

"A charity in a legal sense may be more fully defined as a gift to be applied consistently with existing laws, for the benefit of an indefinite number of persons—either by bringing their hearts under the influence of education, or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government." (5 Cal. Jur. 3.)

The fact that the beneficiaries constitute an indefinite class does not make such a trust void, but is in itself one of the requisites to its validity. The fact that they are uncertain and indefinite necessarily calls for a vesting of the power of selection in some person or in some body, and we know of no provision or policy of our law that would prevent the vesting of this power in certain named trustees. In effect, the trust provisions of this will create and provide for scholarships for the benefit of young men and young women in securing an education. The purpose and validity of similar trust provisions have been approved and sustained in such cases as *Estate of Hinckley*, 58 Cal. 457, *Estate of Willey*, 128 Cal. 1 [60 Pac. 471], *Estate of. Purington*, 199 Cal. 661 [250 Pac. 657], and *Mitchell* v. *Whittier College*, 205 Cal. 744 [272 Pac. 748]. In our opinion, the facts of this case bring it within the principles laid down in the cases cited, which need not be here further repeated.

It is next urged that even if this be a public charitable trust, it is void under section 1313 of the Civil Code

as attempting to create a trust for the purpose of education, although not providing that the funds are to be used for the benefit of an institution which is exempt from taxation under the Constitution, since, under the terms of the will the beneficiary, when chosen, has the option of attending any school or university in the state. It is perfectly apparent that this will does not come within the exception contained in this section, which is thus referred to. It does, however, come within the last provision or exception set forth in the section, which provides that none of its inhibitions shall apply where a will was executed at least six months prior to the death of the testator, and where none of the designated heirs are left. In the case before us, the requisite time had elapsed and the testator left none of the heirs referred to in the statute.

■ The last point raised is that this trust is void, in that it was created for the double purpose of assisting worthy young people in getting an education and of maintaining certain orange groves as an object lesson to the community. It is insisted that since the second of these purposes may not be sustained as a charitable trust, the entire trust fails. This argument is based upon one paragraph of the trust provisions. This paragraph, which follows one in which the trustees are given full power to sell and convert into cash any and all of the trust property, reads as follows:

''The said Trustees are hereby given full power to invest, and in their discretion from time to time reinvest the trust funds in their hands, including the proceeds of any sale of any of the trust property made by them; provided, however, that said Trustees may in their discretion retain and hold as long as they deem desirable, any property which I may have at the time of my death, and in this connection, I would suggest, subject to the judgment of said Trustees, that the orange groves now owned by me be not sold, but be retained, both because of the satisfactory character of the investment, and as an object lesson of what may be accomplished in orange growing with good care, in this district.''

■ Under established rules, a will is to be construed in accordance with the intentions of the testator and where possible, all parts thereof are to be construed with relation to each other in such a manner as to form one consistent

whole (Civ. Code, secs. 1317 and 1321). It clearly appears that the intention of this testator was that the entire net income from the trust property should be used to assist worthy young people in obtaining an education. The expressed desire that these particular orange groves be retained is not only incidental to the dominant purpose disclosed, but it is expressly made subject to the judgment of the trustees. The suggestion that the groves be maintained as an object lesson in the community is not only coupled with an expression of the testator's confidence in the satisfactory nature of that investment, but it fully appears that the testator recognized that these conditions may be but temporary. In the very sentence in which they are suggested they are made subject to the judgment of the trustees, and in other portions of the trust provisions the trustees are given absolute power to sell this particular property and to reinvest the proceeds. It fully appears that the dominant purpose of the testator was the production of a satisfactory income for the purposes of the trust and that, to that end, the trustees are given full power either to carry out this suggestion or not, according to their own discretion and judgment. The contention that the purpose of the trust is divided is without merit.

The decree of distribution appealed from is affirmed.

Marks, J., and Jennings, J., concurred.