19 Cal.App.2d 135 (1937)
In the Matter of the Estate of WHEELER J. BAILEY, Deceased. BISHOP'S SCHOOL UPON THE SCRIPPS FOUNDATION (a Corporation), Appellant,
v.
ARTHUR C. WELLS et al., as Executors, etc., Respondents; EDNA WYMAN BAKER et al., Interveners and Respondents.
Civ. No. 1665. 
California Court of Appeals. Fourth Appellate District. 
February 6, 1937.
 Hillyer & Boldman for Appellant.
 Laurence H. Smith and Vernon Bettin for Interveners and Respondents.
 Marks, J.
 This is an appeal from a decree made in probate holding void a bequest in the will of Wheeler J. Bailey, deceased, made to the Bishop's School Upon the Scripps Foundation. The will was executed within thirty days of the death of deceased. The sole question to be decided is whether the Bishop's School Upon the Scripps Foundation, which we will hereafter refer to as the School, is a charitable corporation within the meaning of section 41 of the Probate Code and therefore prohibited by that section from taking under the will because it was not executed more than thirty days prior to the death of the testator.
 The facts are not in dispute and are thus summarized in appellant's opening brief, with references to the record deleted:
 "Some 24 or 25 years ago a Mr. McKenzie interested Mr. Bailey, the decedent, in Bishop's School. The decedent at the time of his death had been secretary and treasurer of Bishop's School for a number of years. He died on March *137 6, 1935. His will was executed on February 21, 1935. Bishop's School is named as one of the residuary legatees in the will of the decedent and is to receive, if the bequest is valid, 36% of the residue and remainder of decedent's estate. The residue amounts to approximately $106,000 after the payment of all taxes and expenses of administration."
 "Bishop's School was incorporated in California in 1910 under Title XVII of the Civil Code comprising sections 649 to 651d, both inclusive, relating to Colleges and Seminaries of Learning."
 "The purpose for which Bishop's School was formed as declared by Article Second of its Articles of Incorporation is to 'create, maintain and conduct under the auspices of the Protestant Episcopal Church a seminary and institution of learning devoted to the Primary, Secondary and Higher Education of youth of both sexes with such branches, departments and schools as may be necessary or proper for the carrying out of said educational purposes.'"
 "Bishop's School is managed by a board of eleven trustees, a majority of whom must always be members of the Protestant Episcopal Church. The members of the corporation are the same persons who are trustees and any person upon ceasing to be a trustee automatically ceases to be a member thereof."
 "Bishop's School is now conducting and for many years last past has conducted a school for girls at La Jolla, in the City of San Diego, and for many years past has not given instruction to boys; tuition is usually charged for students in the school but the school provides and gives scholarships to some of its students; any girl of good reputation and possessing the necessary academic training is eligible for admission as a student in the school, and no restriction is placed thereon as to color, race, or religion."
 "It is provided in Article Sixth of the Articles of Incorporation of Bishop's School that the corporation 'is not formed for profit, but solely for the educational purposes hereinbefore enumerated. No member, director, or officer shall have any personal, proprietary or beneficial interest in the property of the corporation, either during its corporate existence or upon the termination thereof, it being hereby expressly provided that all property acquired by this corporation or the trustees thereof shall be devoted in perpetuity to such educational purposes as may be designated by the *138 donors, or, in the absence of such designation, by the Board of Trustees, and/or as otherwise provided by law.'"
 "The rates charged students of Bishop's School for board and tuition are sufficient to carry the operations of the school. It was stipulated at the trial 'that during the last five-year period of the operation of the school, the profits exceeded the losses,' and 'that at all times during the existence of this corporation the annual profits in those years in which a profit was made were employed by the corporation either in making up the losses previously sustained, or for the making of betterments and improvements in the property of the corporation itself, and that no part of the profits has ever been paid or distributed to any trustee or member of the corporation.'"
 "It was further stipulated at the trial that Bishop's School, since its organization has engaged in no other business than the conduct of the school, and that it has been the custom and practice of the school to solicit contributions from the Protestant Episcopal Churches and from others."
 "In August, 1933, Bishop's School was sued by a student of the school who sustained an alleged injury while riding a horse at one of the school events. One of the defenses set up in the answer to this suit was that Bishop's School was a charitable corporation, and that as it used due care in the selection of its employees and servants it was not liable for the alleged injury. The decedent was the secretary and treasurer of Bishop's School at that time and he verified the answer."
 Section 9 of article XX of the Constitution provides as follows: "No perpetuities shall be allowed except for eleemosynary purposes."
 It has been held that the word "eleemosynary" as used in the foregoing section of the Constitution is synonymous with the word "charitable" as used in the law of trusts. (Estate of Wirt, 207 Cal. 106 [277 P. 118]; Estate of Sutro, 155 Cal. 727 [102 P. 920]; People v. Cogswell, 113 Cal. 129 [45 P. 270, 35 L.R.A. 269].)
 Section 41 of the Probate Code provides in part as follows:
 "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, unless done *139 by will duly executed at least thirty days before the death of the testator."
 Therefore, if the School is a charitable corporation the bequest to it must lapse and the decree of the probate court must be affirmed.
 The definition of a charitable institution as it pertains to schools and colleges is thus set forth in Restatement of the Law, Trusts, in section 370, at page 1146, as follows:
 " A trust for the advancement of education is charitable."
 "Comment: a. Methods of advancing education. Trusts for the promotion of education include trusts to establish or maintain schools, colleges or other educational institutions; to establish professorships; to pay or to increase the salaries of professors or to provide pensions for professors; to establish scholarships or otherwise to assist students in acquiring education; ..."
 "b. General trust to promote education. A trust for the promotion of education generally, without specifying the method to be employed, is valid. Thus, a trust 'for the promotion of education' or 'for educational purposes' is charitable."
 "c. Charging fees. A trust to establish or maintain an educational institution is charitable, although it is provided that the pupils shall pay fees or otherwise contribute to the expense of maintaining the institution (See sec. 376, Comment c)."
 The same rule is set forth in 5 California Jurisprudence, page 20, as follows:
 "The word 'educational' has never been in terms defined by the courts of California, but its obvious meaning renders such definition unnecessary. An educational purpose is one pertaining to 'learning,' and the latter has been declared to be charitable, but it is obvious that this must be on the assumption that the 'learning' provided is for public benefit and not for private gain. This does not mean that the education or tuition provided must be absolutely gratuitous, but that if fees are charged, they must be wholly used for the support of the educational institution itself, and in every case, the burden of proving that an educational institution is a private and not a public enterprise is on those who seek to avoid the bequest." *140
 The foregoing rules find support in the decisions of the state. (See Estate of Hinckley, 58 Cal. 457; People v. Cogswell, supra; Estate of Sutro, supra; Estate of Wirt, supra; Estate of Halm, 196 Cal. 778 [239 P. 307]; Estate of Bartlett, 122 Cal.App. 375 [10 PaCal.2d 126]; Estate of Huebner, 127 Cal.App. 244 [15 PaCal.2d 758].) [1] It seems to be established that one necessary element of a charitable trust is that it be "for the benefit of an indefinite number of persons". (Baker v. Board of Trustees, 133 Cal.App. 243 [23 PaCal.2d 1071]; Estate of Dol, 182 Cal. 159 [187 P. 428]; Estate of Sutro, supra.) [2] The fact that a school or college charges tuition does not deprive it of its character as a charitable institution if such income be used solely for the benefit of the school and not for private profit. Parks v. Northwestern University, 218 Ill. 381 [75 N.E. 991, 4 Ann. Cas. 103, 2 L.R.A. (N. S.) 556]; St. Mary's Academy of Sisters v. Solomon, 77 Colo. 463 [238 P. 22, 42 A.L.R. 964].) In the latter case it was said:
 "It is said that the corporations are not charitable. The statute of 43 Elizabeth, c. 4, which is the law of this state, includes schools of learning under the head of 'charitable'. The fact that a school charges tuition does not make it otherwise. Parks v. Northwestern University, 218 Ill. 381, 383 [75 N.E. 991, 2 L.R.A. (N. S.) 556, 4 Ann. Cas. 103]. The point that sufficient facts do not appear to show their charitable character we think not well taken. In Jensen v. Maine etc. Infirmary, 107 Me. 411 [78 Atl. 899, 33 L.R.A. (N. S.) 141], a charitable trust is defined as one having 'no capital and no provision for making dividends or profits, deriving its funds mainly from public and private charity, and holding them in trust for the object of the institution'. These corporation defendants come within this definition."
 [3] The School comes within the definitions of a charitable institution set forth by the foregoing text writers and in the cited cases. It is not conducted for the private profit of any person, corporation, or group of individuals. A surplus in earnings over its expenditures cannot be distributed in dividends but must be used for the benefit of the institution. The beneficiaries of the trust are indefinite and undetermined and may come from the group of young people possessing the necessary moral and educational qualifications. It being a charitable corporation it cannot take under a will *141 unless it be executed at least thirty days before the death of the testator. (Sec. 41, Probate Code.) As the will of deceased was executed less than thirty days before his death the bequest to the School must fail.
 The decree or order is affirmed.
 Barnard, P. J., and Jennings, J., concurred.