[Civ. No. 2019.    Fourth Appellate District.—July 10, 1937.]

In the Matter of the Estate of EMMA J. GEHRKINS PEA-
BODY, Deceased.    AGNES  COLVIN, Respondent, v.
JOHN N. HASKELL, as Trustee, etc., et al., Appellants.

Sloane & Steiner for Appellants.

John H. Moore, Eugene R. Duckette and Mona Morris for Respondent.

MARKS, J.—This is an appeal from an order of the probate court determining heirship in the estate of Emma J. Gehrkins Peabody, deceased. During the pendency of the appeal H. H. Van Dieken was appointed administrator with the will annexed of the estate in the place of John N. Haskell, executor, and has been substituted here.

Emma J. Gehrkins Peabody died testate and her will was admitted to probate. After setting forth several specific bequests it disposed of the residue of the estate as follows:

"7th. The balance of the estate to be liquidated then to go to an institution for old people in memory of my beloved Mother and Father, Mr. J. Haskell is to make the choice of the institution."

Agnes Colvin, sister of deceased and her sole surviving heir at law, filed her petition to determine heirship. The probate court found the trust provision, which we have quoted, void and that Agnes Colvin was entitled to the residue of the estate. The sole question presented here is the validity of paragraph seven of the will in its attempt to create a trust.

Appellants maintain that (1) paragraph seven is valid because it can be construed to create a lawful private trust, and, (2) that it is valid because it can be construed to create a charitable trust. Each of these arguments refutes the other, because, generally, if the provisions of a will which attempt to create a trust are so uncertain that they may be construed to create either a private or a charitable trust it has been usually held that the purported trust failed because of uncertainty in the instrument which attempted to create it. In *Estate of Hinckley*, 58 Cal. 457, at 509, it is said:

" 'Where a bequest is made for charitable purposes and also for purposes of an indefinite character, which are not charitable, the whole bequest will be void. If, for instance, a bequest is made for such charitable, *or other* purposes, as the trustee should think fit, the whole bequest will be void

for uncertainty.' (Tudor on Charitable Trusts, 223.) It was said by counsel (*arguendo*) 'the principle of all cases is, that the portion of the trust that might otherwise be construed as charitable, can not be sustained, because the trustees have an election to apply the fund to purposes not technically charitable.' ''

That the will fails to create a valid private trust is apparent from a reading of the trust provision. It violates the rule against perpetuities. (Secs. 715, 772, Civ. Code.) (*Estate of Hinckley, supra.*) The beneficiary under the trust, or the class from which it may be selected by the trustee, is not made certain in the instrument attempting to create it. (Sec. 2221, Civ. Code.) In *Estate of Ralston*, 1 Cal. (2d) 724 [37 Pac. (2d) 76, 96 A. L. R. 953], it is said:

"It is essential to the validity of a trust, whether express or precatory, that the language employed definitely indicate an intention to create a trust, that the subject matter thereof be certain, and that the object or persons intended to have the benefit thereof be certain. The authorities are legion to this effect. The 'trust' here involved is defective and invalid because of its complete failure to indicate either the object or the persons to benefit thereby."

If, however, the will created a valid charitable trust an uncertainty as to the beneficiary is no ground for asserting its invalidity where, as here, the power is given to the trustee to nominate the recipient of the charity. (*Estate of Bartlett*, 122 Cal. App. 375 [10 Pac. (2d) 126]; *Estate of Bailey*, 19 Cal. App. (2d) 135 [65 Pac. (2d) 102]; *Estate of Hinckley, supra.*)

Under paragraph seven of the will it would seem clear that the trustee could nominate as the beneficiary of the trust "an institution for old people" that was either charitable in its purposes or was organized for profit. The will contains no limitation on the power of selection by the trustee that would require him to select a charitable institution as beneficiary.

The use of the word "institution" by the testatrix is of no particular significance here. In *Estate of Sutro*, 155 Cal. 727 [102 Pac. 920], the Supreme Court in quoting from *In re Shattuck's Will*, 193 N. Y. 446 [86 N. E. 455], and in commenting on that case, said:

" 'An "institution" is an established or organized society or corporation. It may be private in its character, designed for profit to those composing the organization, or public and charitable in its purposes. An institution is a mere organism for the accomplishment of an object, and the existence of such organism cannot in the nature of things make such object definite. The use of the word "institution" does not point to a public, as distinguished from a private organization, and there is nothing whatever in the will, except in the words "religious", "educational", and "eleemosynary", that points in the slightest degree to a charitable use.' And after holding that under the will the trustee could devote the proceeds of the trust fund to purposes which would be in whole or in part private and individual and not public and charitable, the court says: 'The possible devotion of the income of said trust in whole or in part to private use necessarily affects the entire gift and requires that the same be held invalid.' "

It is well known that there are many charitable institutions that are organized and exist solely for the purpose of caring for needy old people. It is equally well known that there are other such institutions organized and conducted for private profit. Both classes may be composed of deserving institutions in that they provide repose and care for the aged. The deceased used no appropriate language in her will to designate either of these classes. We cannot rewrite her will. We must construe it as she wrote it. The conclusion that the testatrix had in mind either a charitable institution or one organized for private profit would be based on conjecture and not on anything written in the will. In order to avoid intestacy, either partial or complete, we are not permitted to place on the will any construction not expressed in it and which is based on supposition as to the intention of the testatrix in the disposition of her estate. (*Estate of Hoytema,* 180 Cal. 430 [181 Pac. 645].)

A similar situation was before the court in the *Estate of Sutro, supra.* Under the trust attempted to be created in the will there under consideration, the beneficiaries of the trust could be either charitable or other than charitable. The Supreme Court there concluded that:

"Without violating the directions of the will the entire fund could be devoted to institutions of learning and science

carried on for private gain, of which there are many, or to the encouragement of abstract scientific discoveries not tending to benefit mankind, or to reward inventions calculated to profit the inventor alone, or those to whom he should transfer his secret or patent. The trustees could apply a part to each of the different objects, or they could apply the whole of it to one of them to the exclusion of any other. These objects not being exclusively or necessarily charitable, it follows, under the rule stated, that the entire trust was invalid, . . . "

We consider this holding conclusive here. The case of *Estate of Kline*, 138 Cal. App. 514 [32 Pac. (2d) 677], is to the same effect.

The decree of the probate court under review here is affirmed.

Barnard, P. J., and Jennings, J., concurred.