Matthias, J.
 

 The only question before this court is whether the decision of the Board of Tax Appeals denying the appellant exemption from taxation of the school playground was reasonable and lawful.
 

 The decision of the Board of Tax Appeals is based upon its determination that the applicant is not a charitable institution within the purview and meaning of Section 2, Article XII of the Ohio Constitution and Section 5353, General Code. Hence we must ascertain whether the appellant is an “institution” within the meaning of Section 5353, General Code.
 

 Section 5353, General Code, provides:
 

 “Lands, houses and other buildings belonging to a county, township, city or village, used exclusively for the accommodation or support of the poor, or leased to the state or any political subdivision thereof for public purposes, and
 
 property belonging to institutions used exclusively for charitable purposes,
 
 shall be exempt from taxation.” (Italics ours.)
 

 To warrant exemption it is of course essential that the property in question is property belonging to an
 
 *411
 
 institution used exclusively for charitable purposes.
 

 It was held in paragraph two of the syllabus in the case of
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals,
 
 141 Ohio St., 563, 49 N. E. (2d), 674:
 

 “Under Section 5349 or Section 5353, General Code, property belonging to a public college, academy or institution of learning not publicly owned may be exempted from taxation only if used exclusively for a charitable purpose at the time the exemption is sought.” See, also,
 
 Gerke, Treas., v. Purcell,
 
 25 Ohio St., 229.
 

 The determination of the question of exemption from taxation, as demonstrated in previous cases, turns upon the use of the property involved as disclosed by the record. Here the record shows that the appellant is incorporated under the General Corporation Act of Ohio as a corporation not for profit. (Section 8623-97
 
 et seq.,
 
 General Code.) The articles of incorporation show that the purpose of incorporation is “to operate and conduct a school for girls in Cincinnati, Hamilton county, Ohio, and to own, lease, rent or otherwise acquire or use such real estate and personal property as may be necessary in the premises.”
 

 The corporation is managed by a board of trustees consisting of five persons who are elected annually, a unanimous vote being required to elect. Members pay an initiation fee of five dollars and annual dues of two dollars, and agree to assume any extraordinary expense necessary for the maintenance of the corporation or any of its legitimate functions and activities or to pay any deficit in its operation, by special assessment upon each member, not to exceed ten dollars in any one corporation year. So organized, this school may be considered as an institution within Section 5353, General Code, unless the evidence shows
 
 *412
 
 that in fact it is not conducted as a corporation not for profit but, on the contrary, is organized and operated for profit.
 
 Cullitan, Pros. Atty.,
 
 v.
 
 Cunningham Sanitarium,
 
 134 Ohio St., 99, 16 N. E. (2d), 205.
 

 The evidence considered by the Board of Tax Appeals shows that The College Preparatory School for Girls was founded in 1906 by Miss Mary H. Doherty for the purpose of educating girls for college. Miss Dohei'ty operated the school for thirty years, putting whatever money there was into it, beyond expenses and a living for herself, to increase the school’s educational range and provide extra classrooms as they were needed.
 

 In 1937, after deciding to retire, Miss Doherty turned the management of the school over to four members of the faculty, who incorporated the appellant as a corporation not for profit, which corporation has operated the school since that time.
 

 About ten per cent of the students attend the school without payment of tuition fees, and others pay less than the full amount, which varies from $100 per year for primary grades to $400 per year for high school students. The total enrollment at the time of hearing was 154.
 

 The corporation owns no real property other than the piece under consideration, and rents the buildings occupied from Miss Doherty for a sum apparently equal to the taxes on that property.
 

 The record contains a statement of the income and expenses of the school for the year ending December 31, 1941, which demonstrates that gross income from tuition, luncheons, books and other sources totaled $41,824.52, with expenditures of $45,546.76, of which $30,244.22 was paid in salaries to twenty teachers. No profits were made or paid, and the record shows that Miss Doherty maintains some control over the sclio
 
 *413
 
 lastic standards of the school by means of the owner- - ship of buildings occupied, and that she is insistent the', high standards of education she established be maintained.
 

 The Tax Commissioner contends that while he does not claim the corporation is attempting to derive a profit under guise of conducting a charitable institution, nevertheless the school in question is essentially private in character, since it was organized by members of Miss .Doherty’s faculty and control is retained by them. The commissioner also claims that while it is seemingly open to the public, as a requisite to attendance a tuition fee must be paid, which varies from $100 to $400 per annum, and that by reason of these facts the corporation is not a charitable institution within the meaning of the Constitution and Section 5353, General Code.
 

 The maintenance of a school for the benefit of t’he public is a charity.
 
 Gerke, Treas.,
 
 v.
 
 Purcell, supra.
 
 If the school is essentially a private institution, no such benefit is conferred. Brit where a school is operated to give service to the public generally, and is available to some without charge, the fact that tuition in a substantial amount is paid by others does not destroy the charitable character, so long as it extends charitable benefits to members of the public at large to an extent consistent with the continued operation of the school. It is upon this recognition of its obligation that its charitable character is determined. O’Brien,
 
 Treas.,
 
 v.
 
 Physicians Hospital Assn., 96
 
 Ohio St 1, 116 N. E., 975, L. R. A. 1917F, 741.
 

 The College Preparatory School for Girls appears from the record to have assumed this obligation, and we hold that the corporation is a charitable institution within the meaning of Section 5353, General Code.
 

 The only remaining question, then, is whether the
 
 *414
 
 premises owned by the corporation were used exclusively for a charitable purpose. That has uniformly been held by the decisions of this court to be the ultimate test applicable.
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals, supra,
 
 and cases there cited. No question is raised that any profit is taken from the operation of this playground, and the record shows that at times other than school hours the grounds are open for use and used by children who live in the neighborhood but do not attend this school. It must be conceded that education is both mental and physical in character. This playground, used as it is, is a part of the educational institution and is, therefore, exempt from taxation by reason of its use exclusively for charitable purposes.
 

 The decision of the Board of Tax Appeals is unreasonable and unlawful and is therefore reversed.
 

 Decision reversed.
 

 Zimmerman, Williams and Hart, JJ., concur.
 

 Weygandt, O. J., Bell and Turner, JJ., dissent.