Sohngen, J.
 

 Two questions are presented in this case for our decision: (1) Is the property in question exempt from taxation by virtue of the provisions of Section 5353-1, General Code, and, if it is, are such provisions constitutional? (2) Does the Board of Tax Appeals have jurisdiction to hear an application for exemption based upon immunity from taxation granted by a special act of the General Assembly (43 Ohio Laws, 101) ?
 

 We will consider these questions in the order as stated above.
 

 Section 5353-1, General Code, provides:
 

 “Property, real, personal, and mixed, the net income of which is used solely for the support of institutions used exclusively for children’s homes for poor children, the real estate on which said institutions are located, and the buildings connected therewith, shall be exempt from taxation.”
 

 Clearly, one of the purposes of the above-quoted section is to exempt from taxation real property belonging to a children’s home for poor children where such
 
 *222
 
 property is used to produce income to support the home.
 

 The power of the General Assembly to pass laws granting exemption from taxation is derived from the Constitution.
 

 Section 2, Article XII of the Constitution, so far as it is pertinent to a consideration of the first question presented in the instant ease reads as follows:
 

 “Lands and improvements thereon shall be taxed by uniform rule according to value. * * * and without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose, but all such laws shall be subject to alteration or repeal * *
 

 While Section 2, Article XII of the Constitution, does not limit the power of the General Assembly in regard to the exemption of personal property from taxation, it is a limitation on the power of the General Assembly to exempt real property from taxation and has been so held by this court.
 

 The second and third paragraphs of the syllabus in the case of
 
 Zangerle, Aud.,
 
 v.
 
 City of Cleveland,
 
 145 Ohio St., 347, 61 N. E. (2d), 720, read as follows:
 

 “2. The power of the General Assembly to exempt real property from taxation is limited to the kinds and classes enumerated in Section 2, Article XII of the Constitution.
 

 “3. The power of the General Assembly to determine the subjects and methods of taxation and exemption of personal property is limited only by Article I of the Constitution.
 
 (State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Comm.,
 
 132 Ohio St., 555, approved and followed.)”
 

 
 *223
 
 In the case of
 
 Welfare Federation of Cleveland
 
 v.
 
 Glander, Tax Commr.,
 
 146 Ohio St., 146, 64 N. E. (2d), 813, paragraph four of the syllabus reads as follows:
 

 ‘ ‘ The test to be applied when the exemption of property from taxation is sought by an institution used exclusively for charitable purposes is the present exclusive use of such property for charitable purposes. The renting of any portion of a separate parcel of real estate forfeits the right to exemption even though the proceeds of such rental are devoted to charitable purposes.”
 

 Prom the next above-cited authority, the principle is clearly established that the present use of the property controls its status with respect to exemption from taxation, and, even though such real property is owned by one whose ownership and use would entitle the property to an exemption from taxation, that right of exemption is lost where such real estate is used to produce income, regardless of the fact that such income is used exclusively in the maintenance of a charitable institution.
 
 Benjamin Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A. 1916D, 1170, and
 
 Incorporated Trustees of Gospel Worker Society
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 185, 42 N. E. (2d), 900.
 

 The second paragraph of the syllabus in the
 
 Gospel Worker Society case
 
 reads as follows:
 

 “Under Section 2 of Article XII, Constitution of Ohio, and Section 5353, General Code, property which is used to produce income to be used exclusively for charitable purposes may not' be exempted from taxation. The test is the present use of the property rather than the ultimate use of proceeds received from the property sought to be exempted.”
 

 This discussion of the first question presented for our decision reveals that the well-reasoned authorities cited establish the principle that there is a constitu
 
 *224
 
 tional limitation, by virtue of Section 2, Article XII of the Constitution of Ohio, on the authority of the General Assembly to exempt real property from taxation. Real property, the net income of which is used solely for the support of children’s homes for poor children, does not fall within the enumerated classes set out in Section 2, Article XII of the Constitution, and the General Assembly exceeded its authority in attempting to exempt from taxation real property, the net income of which is used solely for the support of homes for poor children exclusively used as such. Therefore, Section 5353-1, General Code, so far as it makes such attempt, is unconstitutional.
 

 We come now to the second question presented for our decision, namely, does the Board of Tax Appeals have jurisdiction to hear the application for exemption from taxation based upon the immunity from taxation granted by section 8?
 

 In the case of
 
 Trustees of Dartmouth College
 
 v.
 
 Woodward,
 
 17 U. S. (4 Wheat.), 518, 4 L. Ed., 629, it was held that a corporate charter is a contract, protected by Section 10, Article I of the Constitution of the United States, which forbids “any * * * law impairing the obligation of contracts.” A similar provision is contained in Section 28, Article II of the Constitution of Ohio.
 

 The asylum obtained its charter by special act of the General Assembly in the.year 1845, at which time the Constitution of Ohio of 1802 .was in effect. At that time, there was no constitutional limitation on the taxing power of the state,- and the state had the power to exempt the property in question from taxation as it did by section 8. We have then a valid existing contract (asylum’s charter) between the state and the asylum, section 8 of which exempts from taxation all the asylum’s property.
 

 
 *225
 
 By subsequent legislation, under the power granted to the General Assembly by subsequent constitutional authority, the asylum’s property was subjected to taxation. To hold that such subsequent legislation validly subjected the asylum’s property to taxation could only be done by completely ignoring the federal and state constitutional provisions forbidding the passage of any law impairing the obligation of contracts. It follows that the asylum’s property is exempt from taxation by reason of section 8.
 

 In 38 Ohio Jurisprudence, 755, Section 30, the editor concludes that section with this statement:
 

 “Of course, the fact that the state Constitution has been changed since the passage of an act granting a limitation of, or exemption from, taxation does not release the state from the earlier contract so that contracts which were effective prior to the adoption of the Constitution of 1851 were not affected thereby.”
 

 In the case of
 
 Matheny
 
 v. Golden,
 
 Treas.,
 
 5 Ohio St., 361, involving the act of the General Assembly incorporating Ohio University and providing that the university’s lands should forever thereafter be exempt from all taxes; this court held that subsequent legislation levying taxes upon the lands of the university impaired the obligation of contract and was null and void.
 

 We come now to a consideration of the jurisdiction of the Board of Tax Appeals to consider the asylum’s charter as a basis for exempting its property, the. board having refused to entertain jurisdiction of the question of the charter exemption.
 

 The powers and duties of the Board of Tax Appeals in regard to the exemption of property from taxation are derived from Sections 1464-1 and 5570-1, General Code.
 

 Section 1464-1, General Code, provides in part:
 

 “The Board of Tax Appeals shall exercise the fol
 
 *226
 
 lowing powers and perform the following duties of the Department of Taxation:
 

 “1. To exercise the authority provided by law relative to consenting to the exempting of property from taxation, and revising the list of exempted property in any county * *
 

 Section 5570-1, General Code, provides in substance that the county auditor shall make a list of all property which is exempt from taxation under certain enumerated sections of the General Code, and that this list must be corrected annually. It provides further that after the effective date of this section, namely, August 21, 1941, no property shall be added to the exempt list under the enumerated sections without the consent of the Board of Tax Appeals. That section provides also that the Board of Tax Appeals shall, have the power to make revisions of the list at any time.
 

 In the case of
 
 In re Complaint of Taxpayers,
 
 138 Ohio St., 287, 34 N. E. (2d), 748, paragraph three of the syllabus reads as follows:
 

 “Under Sections 1464-1 and 5570-1, General Code, it is the duty of the Board of Tax Appeals to see that no property is improperly or illegally exempted from taxation, and such board at any time may revise the list of property exempted from taxation.”
 

 And in the court’s opinion at page 292, Judge > Matthias said:
 

 “Appellant challenges the right of the seven individual appellees herein to invoke the jurisdiction of the Board of Tax Appeals under Section 5616, General Code. However, this question .is immaterial here, for the reason that it is the duty of the Board of Tax Appeals under Sections 1464-1 and 5570-1, General Code, to see that no property is improperly or illegally exempted from taxation. It therefore has the power to
 
 *227
 
 revise the list of exempted property at any time, and this it may do
 
 sua sponte.”
 

 Since it is the duty of the Board of Tax Appeals to see that no property is illegally or improperly exempted, it follows that it is likewise the duty of the Board of Tax Appeals to see that no exempted property is illegally or improperly, taxed, and this reciprocal duty was recognized in
 
 State, ex rel. Foster,
 
 v.
 
 Miller et al., Tax Comm.,
 
 136 Ohio St., 295, 25 N. E. (2d), 686, wherein it was stated in the opinion by Judge Day:
 

 “It [Tax Commission] is given the power to assess and penalize delinquent taxpayers. Obviously, if it has the authority and power to find that a taxpayer is delinquent, it may likewise find that he is not delinquent. ’ ’
 

 A public body such as the Board of Tax Appeals is created not only to protect the state but also to protect the individuals who constitute the state.
 

 In addition to the authority granted to the Board of Tax Appeals by Sections 1464-1 and 5570-1, General Code, Section 5579, General Code, provides :
 

 “In addition to all other powers and duties vested in or imposed upon it by law, the Tax Commission of Ohio shall direct and supervise the assessment for taxation of all real property in the state. County auditors shall, under the direction and supervision of the Tax Commission of Ohio, be the chief assessing officers of their respective counties, and, shall list and value real property for taxation, within and for their respective counties, except as may be otherwise provided by law. There shall also be in each county, a board to hear complaints and revise assessments of real property for taxation, which shall be known as the county board of revision. ’ ’
 

 This section imposes a mandatory duty to direct and supervise the assessment for taxation of all real property in this state.
 

 
 *228
 
 In our opinion the Board of Tax Appeals had the' power and the duty by reason of Sections 1464-1, 5570-1 and 5579, General Code, to hear and consider the asylum’s application for exemption based upon; the immunity from taxation granted in section 8, and the action of the Board of Tax Appeals in refusing to consider provisions of the asylum’s charter was unreasonable and unlawful. Since it is clear that the asylum’s property is exempt from taxation by reason of section 8 of its charter, the decision of the Board of Tax Appeals is reversed and the cause is remanded for further proceedings in accordance with this opinion.
 

 Decision reversed.
 

 Matthias, Hart, Zimmerman and Stewart, JJ., concur.
 

 Weygandt, C. J., concurs in paragraphs one and three of the syllabus but dissents from the judgment and from paragraph two of the syllabus on the ground that in its applications for the remission of taxes and penalties and for the exemption of its property from taxation, the appellant relies on the provisions of Section 5353-1, General Code, alone. Furthermore, the provisions of its charter are not mentioned in either application, and no evidence was introduced to show compliance therewith.
 

 Turner, J., dissents.