Zimmerman, J.
 

 On the present appeal, it becomes the duty of this court to decide the ultimate question whether
 
 under the evidence adduced in this particular case,
 
 the decision of the board is unreasonable or unlawful.
 

 In the hearing before the board and on the presentation of this appeal, the hospital relies wholly on that part of Section 5353, General Code, which reads:
 

 “Eeal and tangible personal property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation. ’ ’
 

 Ba,sed on the theory that all property should bear its proportionate share of the costs of government and property should be absolved from such obligation only for good cause, taxation is the rule and exemption the exception. Hence, one seeking to have property relieved from taxes has the burden of showing that such property comes squarely within the intent arid meaning of exemption provisions. See
 
 Crown Hill Cemetery Assn.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 399, 55 N. E. (2d), 660;
 
 Welfare Federation of Cleveland
 
 v.
 
 Glander, Tax Commr.,
 
 146 Ohio St., 146, 174, 64 N. E. (2d), 813, 825;
 
 Battelle Memorial Institute
 
 v.
 
 Dunn, Aud.,
 
 148 Ohio St., 53, 59, 60, 73 N. E. (2d), 88, 91.
 

 It seems obvious that no single test is dispositive of whether a hospital, for example, is being conducted
 
 *226
 

 exclusively
 
 as a charitable project. All the facts in each individual case must be assembled and examined in their entirety and the substance of the scheme or plan of operation exhibited thereby will determine whether the institution involved is entitled to have its property freed from taxes.
 

 An illustration of the above statement is to be found in the cases of
 
 American Issue Publishing Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 137 Ohio St., 264, 28 N. E. (2d), 613, where under the peculiar facts of that case the property of a printing plant was held entitled to tax exemption and
 
 Zindorf
 
 v.
 
 Otterbein Press,
 
 138 Ohio St., 287, 34 N. E. (2d), 748, where under the peculiar facts of that case the property of another printing establishment was held subject to taxation, principally because it was in competition with other concerns engaged in commercial printing and because a profit motive was plainly discernible from the manner in which it ran its business. Compare,
 
 Incorporated Trustees of the Gospel Workers Society v. Evatt, Tax Commr.,
 
 140 Ohio St., 185, 42 N. E. (2d), 900.
 

 To the writer, at least, the adjective “charitable” attached to “hospital” conveys the idea of a place where service and assistance are given the sick, injured and ailing, with open doors and benevolent concern for afflicted souls who lack the ability to pay for the attentions they receive.
 

 Predicated upon language used in the opinion in the case of
 
 O’Brien, Treas.,
 
 v.
 
 Physicians Hospital Assn., 96
 
 Ohio St., 1, 116 N. E., 975, L. R. A. 1917F, 741, and in accordance with the concept of an organization devoted
 
 exclusively
 
 to charitable purposes, a hospital to qualify as a charitable institution, the property of which is exempt from taxation, should have as an important objective the care of the poor, needy and distressed who are unable to pay, although the fact that it admits and ministers to a number of pay patients
 
 *227
 
 will not necessarily destroy its charitable character. See
 
 Trust Company of Georgia
 
 v.
 
 Williams,
 
 184 Ga., 706, 192 S. E., 913.
 

 Bnt where a hospital extends its facilities and services very largely to those who are able to and do pay the established rates for their accommodation and
 
 designedly makes a very substantial profit
 
 in so doing, it places itself in the classification of a business enterprise amenable to taxation, notwithstanding that some unfortunate persons without means are cared for free of charge. See 51 American Jurisprudence, 607, Section 635.
 

 In the instant case it is plain from the figures presented that services and accommodations of all kinds for which charges were made and collected greatly exceeded the services performed and the accommodations furnished without charge and that by the procedure adopted and followed the pecuniary gain to the hospital was considerable.
 

 The bare fact that a hospital devotes the profits it makes from the conduct of its affairs to paying off indebtedness and to improving and enlarging its plant does not of itself place it in the category of a tax exempt charitable institution. It is the use of the property and not the use of the proceeds derived therefrom which is determinative of the question of tax exemption. See
 
 Benjamin Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A. 1916D, 1170;
 
 Incorporated Trustees of Gospel Workers Society
 
 v.
 
 Evatt, Tax Commr., supra; Burns
 
 v.
 
 Glander, Tax Commr.,
 
 146 Ohio St., 198, 64 N. E. (2d), 678;
 
 Battelle Memorial Institute
 
 v.
 
 Dunn, Aud., supra
 
 (148 Ohio St., 53, 61, 73 N. E. [2d], 88, 92);
 
 New Orphans’ Asylum of Colored Children of Cincinnati
 
 v.
 
 Board of Tax Appeals,
 
 150 Ohio St., 219, 223, 80 N. E. (2d), 761, 763.
 

 One recognized test for ascertaining whether a hospital is charitable or otherwise is whether it is main
 
 *228
 
 tained and conducted for gain, profit or advantage. 14 Corpus Juris Secundum, “Charities,” 422, Section 2. And this is a question of fact in each individual case.
 
 Hamilton
 
 v.
 
 Corvallis General Hospital Assn.,
 
 146 Ore., 168, 30 P. (2d), 9.
 

 It has been held that if the books of a hospital show a substantial profit, that is a circumstance tending to negative the idea that it is a benevolent institution.
 
 Prairie du Chien Sanitarium Co.
 
 v.
 
 City of Prairie du Chien,
 
 242 Wis., 262, 7 N. W. (2d), 832, 144 A. L. R., 1480.
 

 In 2 Restatement of Trusts, 1167, Section 376, under Comment
 
 b.,
 
 is the following language:
 

 “The mere fact that persons who are not objects of charity incidentally benefit from the maintenance of a charitable institution does not prevent the institution from being charitable. Thus, an institution for the promotion of charitable purposes is charitable although salaries are paid to its managers, officers and employees.
 
 If, however, the fixing of a salary is merely a. device for securing the profits of the institution and not merely compensation for services rendered, the institution is not a charitable
 
 institution.” (Emphasis ours.)
 

 Here, the compensation paid the physicians and surgeons working as employees of the hospital was a good deal less than the returns which the hospital enjoyed by reason of the services performed for its benefit by such physicians and surgeons. As a matter of fact, the amounts collected by the hospital for these services contributed in an appreciable degree to the tidy profit it garnered in 1948.
 

 As concerns the problem of tax exemption in Ohio, cases from other jurisdictions are ordinarily not very helpful, because, more often than not, the tax-exemption provisions under which they were decided differ
 
 *229
 
 materially from the provisions on the same general subject obtaining in this state.
 

 In the pending controversy, the Board of Tax Appeals found as a fact that the use made of the property for which tax exemption is sought did not bring it within the applicable exemption provisions of Section 5353, General Code, and rendered its decision accordingly. A majority of this court is of the opinion that such decision is not unreasonable or unlawful, under all the facts and circumstances developed, and it is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias and Turner, JJ., concur.
 

 Hart, Stewart and Taft, JJ., dissent.