Per Curiam.

The Board of Tax Appeals found from the record before it, in which finding we concur, that the Columbus Youth League and the Columbus Youth Foundation were and are charitable institutions within the purview of Section 5709.12, Revised Code. The sole remaining question is whether the Jet Stadium property owned by the Columbus Youth League was “used exclusively for charitable purposes” so as to be exempt from taxation under that section.
The efforts of those who have labored long to keep professional baseball in Columbus and at the same time to provide a needed service to the youth of Columbus are, indeed, laudable ones. And, if the warmth of sentiment which attaches to attempts to promote the welfare of our youth were permitted to control rather than the cold application of statutes and cases, the subject property could easily be held exempt.
The rule is well established, however, that it is the use of the property and not the use of the proceeds derived therefrom which is determinative of the question of tax exemption. Benjamin Rose Institute v. Myers, Treas., 92 Ohio St., 252, 110 N. E., 924, L. R. A. 1916D, 1170; Incorporated Trustees of Gospel Worker Society v. Evatt, Tax Commr., 140 Ohio St., 185, 42 N. E. (2d), 900; Burns v. Glander, Tax Commr., 140 Ohio St., 198, 64 N. E. (2d), 678; Battelle Memorial Institute v. Dunn, Aud., 148 Ohio St., 53, 73 N. E. (2d), 88; New Orphans’ Asylum of Colored Children of Cincinnati v. Board of Tax Appeals, 150 Ohio St., 219, 80 N. E. (2d), 761; Cleveland Osteopathic Hospital v. Zangerle, Aud., 153 Ohio St., 222, 91 N. E. (2d), 261.
The following pertinent and, in our view, controlling statement is from the entry of the Board of Tax Appeals:
“Although under the terms of this lease the Columbus Youth League, as lessor, reserved the right to use the leased premises, when not in use by lessee as provided for therein, for *159 high school and other youth ball games and for and in connection with other youth activities supported and sponsored by the lessor in the furtherance of its social welfare purposes, the principal purpose of the lease, in our view, was to make this property available to the Columbus Baseball Club for the exhibition of ball games to be scheduled and played by the Columbus team with other teams in the International League; and for the use of the property by the lessee in operating the concessions, in providing for automobile parking and for doing other things necessary and incidental to the use of the property as a baseball plant.
“In line with the purpose for which the Columbus Baseball Club obtained the possession of this property under said lease, 77 baseball games were scheduled each playing season during the years following the execution of the lease, which games were played by the Columbus baseball team with the several other baseball teams in the International League. In connection with the exhibition of these baseball games the Columbus Baseball Club, as above indicated, engaged in other revenue producing activities; which activities, together with those incident to the playing of the baseball games, required at times the services of something more than 200 employees including the players and others connected with the Columbus baseball team. In this situation as to the facts of the case we are unable to find that this property was used exclusively, or even primarily, for charitable purposes; and for this reason we are of the view that this application for the exemption of this property from taxation for the tax year 1960 and the application for the remission of taxes and penalties on the property for prior tax years should be denied.”
From a review of the record here, we cannot say that the decision of the Board of Tax Appeals is either unlawful or unreasonable, and it is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.