LINCOLN MEMORIAL HOSPITAL, INC., APPELLANT, *v.* WARREN, AUDITOR, APPELLEE, ET AL.

(No. 41093—Decided March 13, 1968.)

*Messrs. Teaford & Bernard* and *Mr. Domenic Federico,* for appellant.

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. William W. Holmes,* for appellee.

*Per Curiam.* Appellant herein, the Lincoln Memorial Hospital, Inc., of Columbus, a corporation organized for profit, filed an application with the Board of Tax Appeals to secure exemption of its real property from taxation for the year 1966 and for a remission of taxes and penalties on such property for the tax years 1960 through 1965. The Board of Tax Appeals denied the application.

The basis of such application is Section 5709.12, Revised Code, which provides in part:

"* * * Real * * * property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation."

To finance the construction and equipment of its hospital appellant secured a sizable loan from the Small Business Administration of the federal government. However, a considerable portion of the income of the hospital came from the Blue Cross organization operated by the Central Hospital Service, which organization could do business only with nonprofit charitable institutions.

To surmount this difficulty and with the sanction of the Small Business Administration, a new nonprofit corporation was formed under the name of the Lincoln Memorial Hospital Association. This corporation operated the hospital and paid the monetary obligations of appellant as well as all other expenses of the hospital.

From a reading of the concurring and dissenting opinions in the case of *Zangerle* v. *State, ex rel. Gallagher,* 120 Ohio St. 139, 165 N. E. 709, it is apparent that the then members of this court were agreed that to exempt real property from taxation on the ground that it is used exclusively for charitable purposes the ownership of the property and its use must coincide. The same position was taken in *Jones* v. *Conn,* 116 Ohio St. 1, 14, 155 N. E. 791, 795.

. The evidence herein discloses a situation during the entire time involved where a corporation organized for profit held title to the hospital building and land and for all practical purposes rented the same to a separate non-profit corporation for enough remuneration to discharge the financial obligations of appellant. Consequently, the "use" which appellant made of the property was in the nature of a rental arrangement to another and not a "use" *by it* exclusively for charitable purposes.

Besides, it is obvious from the financial setup described that a large majority of those who availed themselves of the hospital facilities were patients who paid for the attention and accommodations they received and that nonpaying charitable patients were decidedly in the minority. See *Cleveland Osteopathic Hospital* v. *Zangerle,* 153 Ohio St. 222, 91 N. E. 2d 261.

We find the decision of the Board of Tax Appeals herein neither unreasonable nor unlawful, and such decision is affirmed.

*Decision affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.