[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 405.]

HIGHLAND PARK OWNERS, INC., APPELLEE, *v.* TRACY, TAX COMMR.,
APPELLANT.

[Cite as *Highland Park Owners, Inc. v. Tracy*, 1994-Ohio-32.]

*Taxation—Lakefront property purchased by non-profit homeowners association
and maintained as a lakeside park open to the public exempt from taxation
when R.C. 5709.12.*

(No. 93-2570—Submitted September 29, 1994—Decided December 27, 1994.)

APPEAL as of right from the Board of Tax Appeals, No. 91-A-1405.

————————————

{¶ 1} Highland Park Owners, Inc., appellee, a non-profit, homeowners association, purchased lakefront property within its subdivision, which is on Grand Lake St. Marys. Highland Park maintains the property as a lakeside park. The park contains benches, picnic tables, a swimming beach with a mercury vapor lamp, a boat ramp, and a fishing pier. Highland Park mows the grass, maintains the improvements, and pays for electricity for the lamp. Highland Park opens the park to the public for swimming, boating, fishing, and walking.

{¶ 2} Highland Park applied to the Tax Commissioner, appellant, to exempt the property from taxation for tax year 1990. The commissioner denied the exemption, and Highland Park appealed to the Board of Tax Appeals ("BTA"). The BTA determined that Highland Park was not a charitable institution but that the property qualified for exemption under R.C. 5709.12. The BTA ruled that the property was exempt despite not being held by a charitable institution because Highland Park used the property exclusively for charitable purposes.

{¶ 3} The cause is now before this court upon an appeal as of right.

————————————

*Michael Sacher*, for appellee.

*Lee Fisher*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellant.

_____

**Per Curiam.**

{¶ 4} R.C. 5709.12(B) states:

"* * * Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation. * * *"

{¶ 5} The commissioner argues that, to qualify for exemption, the property must be owned by a charitable institution, and that since Highland Park is not a charitable institution, the property is not exempt. He also argues that the property is not used exclusively for charitable purposes. We disagree on both counts.

{¶ 6} Section 2, Article XII of the Ohio Constitution permits the General Assembly to exempt from taxation "institutions used exclusively for charitable purposes[.]" In *Gerke v. Purcell* (1874), 25 Ohio St. 229, paragraph six of the syllabus, our brethren ruled on an earlier version of this constitutional provision:

"The constitution, in directing the levying of taxes and in authorizing exemptions from taxation, has reference to property, and the uses to which it is applied; and where property is appropriated to the support of a charity which is purely public, the legislature may exempt it from taxation, without reference to the manner in which the title is held, and without regard to the form or character of the organization adopted to administer the charity."

{¶ 7} In *Goldman v. Friars Club* (1952), 158 Ohio St. 185, 195, 48 O.O. 147, 151 107 N.E.2d 518, 522, Justice Hart, writing for the majority, stated:

"It must be conceded that the criterion of the exemptibility of these properties is their use for charitable purposes. The application of this limitation on the exemption of real property from taxes was before this court in the case of *Wilson, Aud., v. Licking Aerie No. 387*, F.O.E., 104 Ohio St., 137, 135 N.E., 545, wherein it was held that to be exempt the property need not be owned by an

institution of purely public charity, so long as the property itself is exclusively devoted to and used for charitable purposes."

{¶ 8} In *Episcopal Parish v. Kinney* (1979), 58 Ohio St.2d 199, 200-201, 12 O.O. 3d 197, 198, 389 N.E.2d 847, 848, we adopted the concurring opinion of Justice Stern in *White Cross Hosp. Assn. v. Bd. of Tax Appeals* (1974), 38 Ohio St.2d 199, 203, 67 O.O. 2d 224, 226 , 311 N.E.2d 862, 864-865 :

"'Initially, it is important to observe that, although R.C. 5709.121 purports to define the words used exclusively for "charitable" or "public" purposes, as those words are used in R.C. 5709.12, the definition is not all encompassing. R.C. 5709.12 states "* * * Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation." Thus, any institution, irrespective of its charitable or non-charitable character, may take advantage of a tax exemption if it is making exclusive charitable use of its property. See *Wehrle Found. v. Evatt* (1943), 141 Ohio St. 467 [26 O.O. 29], 49 N.E.2d 52. The legislative definition of exclusive charitable use found in R.C. 5709.121, however, applies only to property "belonging to" i.e., owned by, a charitable or educational institution, or the state or a political subdivision. *The net effect of this is that R.C. 5709.121 has no application to noncharitable institutions seeking tax exemption under R.C. 5709.12. Hence the first inquiry must be directed to the nature of the institution applying for an exemption.* * * *'" (Emphasis sic.)

{¶ 9} Thus, to grant exemption under R.C. 5709.12, the arbiter must determine that (1) the property belongs to an institution, and (2) the property is being used exclusively for charitable purposes. We have held that a private profit-making venture does not use property exclusively for charitable purposes. *Cullitan v. Cunningham Sanitarium* (1938), 134 Ohio St. 99, 11 O.O. 539, 16 N.E.2d 205; *Cleveland Osteopathic Hosp. v. Zangerle* (1950), 153 Ohio St. 222, 41 O.O. 243, 91 N.E.2d 261; *Lincoln Memorial Hosp., Inc. v. Warren* (1968), 13 Ohio St.2d 109, 42 O.O. 2d 327, 235 N.E.2d 129. Nevertheless, "'*any* institution, irrespective of its

charitable or non-charitable character, may take advantage of a tax exemption if it is making exclusive charitable use of its property.'" *Episcopal Parish v. Kinney*, *supra*, at 201, 12 O.O. 3d at 198, 389 N.E.2d at 848. As the BTA concluded, the applicant for exemption under R.C. 5709.12 need not be a charitable institution, but simply an institution.

{¶ 10} Black's Law Dictionary (6th Ed.1990) 800, defines "institution" as:

"An establishment, especially one of eleemosynary or public character or one affecting a community. An established or organized society or corporation. It may be profit in its character, designed for profit to those composing the organization, or public and charitable in its purposes, or educational (*e.g.* college or university). *In re Peabody's Estate* [1937], 21 Cal. App.2d 690 [693], 70 P.2d 249, 250. A foundation, as a literary or charitable institution. *Prescott Courier v. Bd. of Sup'rs. of Yavapai Cty.* [1937], 49 Ariz. 423 [430], 67 P.2d 483, 486."

{¶ 11} First, Highland Park is an institution. It is a non-profit corporation organized, according to its charter, to advance the pleasure, recreation, common interests, and other non-profitable purposes of the community of property owners of Highland Park. Thus, the subject property is owned by an institution.

{¶ 12} Second, the park is used exclusively for charitable purposes, contrary to the commissioner's argument. According to *College Preparatory School for Girls v. Evatt* (1945), 144 Ohio St. 408, 29 O.O. 574, 59 N.E.2d 142, paragraph two of the syllabus:

"Land belonging to [a qualifying] institution, which is used solely as an athletic field and playground for students of the institution and other children of the vicinity is property 'used exclusively for charitable purposes' and exempt from taxation under Sec. 5353, General Code [now R.C. 5709.12]."

{¶ 13} Highland Park opens the property for the benefit of its residents and any member of the public choosing to swim, boat, fish, or walk on the property, and this use is exclusively for charitable purposes.

**{¶ 14}** Since the property owned by Highland Park  is used exclusively for charitable purposes under the above decisions, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

————————————