TRUE CHRISTIANITY EVANGELISM, APPELLANT,
v. TRACY, TAX COMMR., APPELLEE.

[Cite as *True Christianity Evangelism
v. Tracy* (1999), 87 Ohio St.3d 48.]

(No. 98-2251—Submitted June 23, 1999—Decided October 13, 1999.)

49

*Buckingham, Doolittle & Burroughs L.L.P.* and *William G. Nolan,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Phyllis J. Shambaugh,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** Appellant contends that it need not be a charitable institution to qualify for exemption under R.C. 5709.12. We agree.

In its appeal to the BTA appellant sought exemption under R.C. 5709.12, contending its property was used exclusively for charitable purposes. Appellant

has made it clear that it is not seeking exemption under that portion of R.C. 5709.07 that exempts "houses used exclusively for public worship."

The constitutional authority for the exemption of property from taxation is contained in Section 2, Article XII of the Ohio Constitution, which provides:

"Without limiting the general power, subject to the provisions of Article I of this constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt * * * institutions used exclusively for charitable purposes * * *."

In furtherance of this exclusive power to choose the subjects and to establish the criteria for exemption from taxation, the General Assembly has enacted R.C. 5709.12(B), which provides in part:

"Real * * * property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation."

When considering a request for exemption under the portion of R.C. 5709.12(B) set forth above, the first point of inquiry must be whether the property belongs to an "institution."

In *Highland Park Owners, Inc. v. Tracy* (1994), 71 Ohio St.3d 405, 407, 644 N.E.2d 284, 286, we referred to Black's Law Dictionary (6 Ed.1990) 800, for the definition of "institution" as:

"An establishment, especially one of eleemosynary or public character or one affecting a community. An established or organized society or corporation. It may be private in its character, designed for profit to those composing the organization, or public and charitable in its purposes, or educational (*e.g.* college or university)."

Thus, since a corporation meets the definition of an "institution," appellant nonprofit corporation cannot properly be disqualified from an exemption under R.C. 5709.12(B) on the basis that it is not an "institution."

In commenting on R.C. 5709.12, in *White Cross Hosp. Assn. v. Bd. of Tax Appeals* (1974), 38 Ohio St.2d 199, 203, 67 O.O.2d 224, 226, 311 N.E.2d 862, 864, Justice Stern in his concurring opinion stated, "*[A]ny* institution, irrespective of its charitable or noncharitable character, may take advantage of a tax exemption if it is making exclusive charitable use of its property." Justice Stern went on to point out that "[t]he legislative definition of exclusive charitable use found in R.C. 5709.121, however, applies only to property 'belonging to,' *i.e., owned by,* a charitable or educational institution, or the state or political subdivision. The net effect of this is that R.C. 5709.121 has no application to noncharitable institutions seeking tax exemption under 5709.12." (Emphasis *sic.*) *Id.* While the nature of an institution seeking exemption for property under R.C. 5709.121 is relevant, the nature of the institution seeking an exemption under R.C. 5709.12(B) is not

relevant. Unfortunately, the BTA went astray at this point. The BTA determined that appellant's "purpose is clearly to disseminate a religious message." The effect of the BTA's finding that appellant was a religious institution should have resulted in two conclusions by the BTA: (1) R.C. 5709.121 has no application, and (2) a further determination must be made whether the appellant's use of the property was "exclusively for charitable purposes." Instead, the BTA erroneously considered the conclusion that appellant was a religious institution "to be dispositive of the present appeal." In addition, the BTA also erroneously found that appellant did not qualify for exemption under R.C. 5709.12 because it did not qualify as a charitable institution, "a condition precedent to entitlement to exemption under R.C. 5709.12."

However, as pointed out above, the institution need not be charitable to be eligible for an exemption under R.C. 5709.12(B). The conclusion that a religious institution owns the property does not foreclose the possibility that the property is being used exclusively for charitable purposes. As we said in *Highland Park Owners*, "[T]o grant exemption under R.C. 5709.12, the arbiter must determine that (1) the property belongs to an institution, and (2) the property is being used exclusively for charitable purposes." 71 Ohio St.3d at 406, 644 N.E.2d at 286.

The BTA did not make the second determination required by *Highland Park Owners*. Therefore, we remand this matter to the BTA to determine whether appellant's *use* of the property is "exclusively for charitable purposes." Because this court is not a trier of fact *de novo*, it is confined to its statutorily delineated duty (R.C. 5717.04) of determining whether the board's decision is "reasonable and lawful."

Accordingly, we find the decision of the BTA to be unreasonable and unlawful, and, therefore, we reverse and remand this matter to the BTA for final determination consistent with this opinion.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.