FREIBERG v TAX COMMISSION et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6073. Decided Mar. 16, 1942.

Leonard H. Freiberg, Cincinnati, for appellee, Ruth H. Freiberg.

Thomas J. Herbert, Columbus, and Aubrey A. Wendt, Columbus, for Tax Commission of Ohio.

**OPINION**

By ROSS, J.

The Tax Commission of Ohio has appealed on questions of law from a judgment of the court of common pleas of Hamilton county, finding that certain contractual obligations predicated upon insurance policies were not taxable.

The facts developed by the presentation to this Court disclose that the plaintiff, appellee, is the beneficiary in certain policies of insurance which have become payable to the beneficiary by reason of the death of the insured who died only a few days before the tax listing day. The insurance companies at such date had not paid the policies to the beneficiary.

The Commission claims the right to tax on the basis that the amounts of the policies are credits due the plaintiff beneficiary and relies upon the general taxation statutes applicable. **Sections 5327-1, 5328, 5328-1, 5366, 5367, 5368, and 5388 GC.**

The plaintiff appellee relies upon the definition of investments as found in §5323, GC. The latter portion of this section is:

"Annuities, royalties and other contractual obligations for the periodical payment of money and all contractual and other incorporeal rights of a pecuniary nature whatsoever from which income is or may be derived, however evidenced, excepting (1) interests in lands and rents and royalties derived therefrom, other than equitable interests divided into shares evidenced by transferable certificates, (2) employment and partnership contracts and salaries and wages derived therefrom and (3) contracts of insurance and dividends paid or applied thereunder; but the foregoing language shall not be construed to exclude from taxation dividends under contracts commonly known as 'combination life and annuity policies' or 'cash refund annuities.'

"All equitable interests, life or other limited estates and annuity interests in any investment hereinbefore described, or in any fund made up in whole or in part of any such investments, wherever located."

It is the contention of the Commission that the contracts after the death of the insured ceased to be definable under the language just noted.

A number of authorities are cited supporting the proposition that statutes providing for exceptions to taxation are subject to strict construction. **Cullitan, etc. v The Cunningham Sanitarium, et al., 134 Oh St 99.**

It does not appear that the exception stated in §5323 GC, is an exception to taxation. This section deals with the definition of terms used elsewhere in other statutes. The exception noted in §5323 GC, is an exclusion of matter from the general terms of the definition. The authorities therefore applying to exemption statutes do not apply. The term investments is so limited where used in the statutes.

It is also difficult to see how the contractual obligation of the policy was changed except as to amount and payee by the death of the insured, who at all times was entitled to receive the cash surrender value of the policies.

Until the amount of the policies was paid to the beneficiary, she had nothing more at any time, even after the death of the insured, than a contract of insurance, which might or might not be performed.

The judgment of the court of common pleas of Hamilton county is affirmed.

MATTHEWS, PJ. & HAMILTON, J., concur.