Bv the Court.
 

 Section 5611-2, General Code, provides in part:
 

 “If upon hearing and consideration of such record and evidence the Supreme Court is of the opinion that the decision of the Board of Tax Appeals appealed from is reasonable and lawful it shall affirm the same,
 
 *405
 
 but if the Supreme Court is of the opinion that such decision of the Board of Tax Appeals is unreasonable or unlawful, it shall reverse and vacate same or it may modify same and enter final judgment in accordance with such modification.”
 

 Section 2 of Article XII of the Constitution of Ohio provides in part:
 

 “* * * general laws may be passed to exempt # * * institutions used exclusively for charitable purposes * * j >
 

 Section 5353, General Code, provides in part:
 

 “* * * Real and tangible personal property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation.”
 

 It follows, therefore, that the use of the real property in question must be exclusively for charitable purposes.
 

 It is argued that The American Legion, Department of Ohio, Inc., is a charitable institution. There can be no doubt that the appellant engages in work which may be properly classified as charitable. For such work it is entitled to be highly praised. That the main purpose for which appellant was incorporated and exists is fraternal, there can be no doubt.
 

 In the case of
 
 Wilson, Aud.,
 
 v.
 
 Licking Aerie
 
 No.
 
 387, F. O. E.,
 
 104 Ohio St., 137, 135 N. E., 545, it was held in the syllabus:
 

 ”2. The provision in Section 2, Article‘XII of the Constitution, that institutions ‘used exclusively for charitable purposes * * * may, by general laws, be exempted from taxation,’ does not authorize the General Assembly to exempt from taxation the property of benevolent organizations not used exclusively for charitable purposes.
 

 “3. Section 5328, Genera] Code, passed pursuant to
 
 *406
 
 the requirement of Section 2, Article XII of the Constitution, requires that ‘all real or personal property in this state * * * shall be subject to taxation, except •only such property as may be expressly exempted therefrom.’ The exemption must be clearly and expressly stated in the statute and must be such only as the above section of the constitution authorizes to be exempted. ’ ’
 

 It was held in the syllabus of
 
 Cullitan, Pros. Atty.,
 
 v.
 
 Cunningham Sanitarium,
 
 134 Ohio St., 99, 16 N. E. (2d), 205, as follows:
 

 “1. There is no presumption favorable to the exemption of property from taxation. An exemption from taxation must be clearly and expressly stated in the statute and must be such only as is authorized by the Constitution.
 

 “2. Under the provisions of Section 5353, General Code, enacted pursuant to authority conferred by Section 2, Article XII of the state Constitution, institutions used exclusively for charitable purposes are exempted from taxation. Such use being the criterion of such exemption, the right is lost if the property be appropriated to other uses.”
 

 In the case of
 
 In re Complaint of Taxpayers,
 
 138 Ohio St., 287, 34 N. E. (2d), 748, paragraph one of the syllabus reads-as follows:
 

 ‘ ‘ The use of property exclusively for charitable purposes is the criterion of exemption thereof from taxation. The right of exemption, derived from Section 2 of Article XII of the state Constitution, is lost if .the property be appropriated to other uses.
 
 (Cullitan, Pros. Atty., v. Cunningham Sanitarium,
 
 134 Ohio St., 99, approved and followed.)”
 

 In the case of
 
 Incorporated Trustees of the Gospel Worker Society
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St.,
 
 *407
 
 185, 42 N. E. (2d), 900, it was held in paragraph one of the syllabus:
 

 “Property belonging to a charitable institution may not be exempted from taxation unless it is used exclusively for charitable purposes.”
 

 In the course of the opinion in that case it was said1 at page 188:
 

 “We have repeatedly" held that statutes granting tax exemptions are to be strictly construed and that we indulge no presumption favorable to such exemptions.”
 

 • In the case of
 
 In re Estate of Taylor,
 
 139 Ohio St., 417, 40 N. E. (2d), 936, it was held in the syllabus:
 

 “1. A right to exemption from taxation must appear with reasonable certainty in the language of the Constitution or valid statute and must not depend upon a doubtful construction of such language.
 

 “2. There is no presumption of exemption from taxation because the institution claiming it is of a religious or charitable nature.”
 

 In the case of
 
 Crown Hill Cemetery Assn. v. Evatt, Tax Commr.,
 
 143 Ohio St., 399, 55 N. E. (2d), 660, it was held in the syllabus :
 

 “1. Taxation of property is the rule and exemption the exception. Language which relieves from taxation is to be strictly construed, .and property which is claimed to be exempt from the payment of taxes must come squarely within the exemption provisions of the law.”
 

 In 38 Ohio Jurisprudence, 852, Section 114, it is said:
 

 “The fact remains, however, that it is the theory of government that all property should bear its equal share of the cost and expense of government, and, since the law does not favor exemption of property
 
 *408
 
 from taxation, before particular property can be exempt it must clearly fall within the class of property authorized to be exempt by the Constitution. * * * the accepted rule is that an exemption cannot be presumed, or implied and read into a statute; or, stated conversely, to have an effective exemption, it must be expressed in clear and unmistakable terms, or at least with reasonable certainty, as’the laws relating to exemption from taxation, being in derogation of equal rights, are strictly construed as against such exemption and in favor of the taxing authorities.”
 

 Therefore, the property in question, being devoted-to a dual use and not exclusively to a charitable use, we are of the opinion that the decision of the Board of Tax Appeals appealed from is reasonable and lawful and such decision should be and hereby is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and .Turner, JJ., concur.