Per Curiam.

The principal question here involved is whether the use of the property in question for meetings of American Legion posts and other patriotic and service organizations of veterans, without charge, is, under the provisions of Section 5353, General Code, a use exclusively for charitable purposes entitling the property to exemption from taxation. A secondary question is whether such property is so exempt where at times its occupancy is temporarily sur *207 rendered to other organizations and persons for a service fee.
The post claims that the use of the property for its dedicated purpose of veterans’ headquarters and activities is a charitable use entitling the property to exemption from taxation, and that the incidental use of the property by outside organizations for a service fee is not destructive of such exemption.
Section 2, Article XII of the Constitution of Ohio, is in part as follows:
“General laws may be passed to exempt * * * houses used exclusively for public worship, institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose * *
Pursuant to such constitutional authority, the General Assembly enacted Section 5353, General Code, which provides in part as follows:
“Real and tangible personal property belonging to institutions, used exclusively for charitable purposes, shall be exempt from taxation.”
In determining property to be exempt from taxation, the taxing authorities and the courts are, both by the Constitution and statutes, specifically limited to properties “used exclusively for charitable purposes.” Furthermore, this court is traditionally committed to the proposition that exemption statutes must be strictly construed and that no presumption favorable to the exemption of property from taxation will be indulged. This must necessarily be the rule in order to preserve equality in the burden of taxation. Cincinnati College v. State, 19 Ohio, 110, 115; Lee, Treas., v. Sturges, 46 Ohio St., 153, 159, 19 N. E., 560, 2 L. R. A., 556; Benjamin Rose Institute v. Myers, Treas., 92 Ohio St., 252, 110 N. E., 924, L. R. A. 1916D, 1170; Cullitan, Pros. Atty., v. Cunningham Sanitarium, 134 Ohio St., 99, 100, 16 N. E. (2d), 205; Incorporated Trustees of Gospel Worker Society v. *208 Evatt, Tax Commr., 140 Ohio St., 185, 188, 42 N. E. (2d), 900; Jones, Treas., v. Conn et al., Trustees, 116 Ohio St., 1, 155 N. E., 791; In re Estate of Taylor, 139 Ohio St., 417, 40 N. E. (2d), 936; Columbus Metropolitan Housing Authority v. Thatcher, Aud., 140 Ohio St., 38, 44, 42 N. E. (2d), 437.
Under our' statute the test of tax exemption is the use to which the property is devoted, and, where a certain use is the requisite of exemption, the exemption is lost if the property is appropriated to other uses. Cullitan, Pros. Atty., v. Cunningham Sanitarium, supra; In re Complaint of Taxpayers, 138 Ohio St., 287, 34 N. E. (2d), 748; Incorporated Trustees of Gospel Worker Society v. Evatt, Tax Commr., supra.
And this is true even though the income or proceeds of the use of the property are devoted to charitable purposes. Cincinnati College v. State, supra; Cleveland Osteopathic Hospital v. Zangerle, Aud., 153 Ohio St., 222, 91 N. E. (2d), 261, and cases cited.
In the instant case, the Board of Tax Appeals made a specific finding that the activities of the post “appear to be no different in scope than those of other fraternal and patriotic lodges and organizations, whose general club rooms and meeting places are not entitled to tax exemption.” A careful examination of the record substantiates the finding of the Board of Tax Appeals in this respect. The post is a constituent member of the American Legion. The constitution of the post discloses that it is a fraternal and not primarily a charitable organization, although like other fraternal societies it does some charitable work among its members and others. Its activities are largely social and its privileges and facilities are extended to others for similar social activities. In fact, the evidence does not disclose that any particular section or unit of the property is devoted exclusively to charitable uses.
*209 This court in the case of East Cleveland Post No. 1500, V. F. W., v. Board of Tax Appeals, 139 Ohio St., 554, 556, 41 N. E. (2d), 242, said:
“This court is not unmindful of the high purposes of the organization as set forth in its constitution and that the property of the post is permitted to be used by outside organizations for equally laudable activities.
“However, the Board of Tax Appeals was confronted with the foregoing constitutional and statutory restrictions relating to a use exclusively for charitable purposes. The record before us for review does not support a use exclusively for charitable purposes.”
That statement is equally applicable here. See, also, Wilson, Aud., v. Licking Aerie No. 387, F. O. E., 104 Ohio St., 137, 135 N. E., 545, and In re Application of American Legion, Department of Ohio, Inc., for Exemption from Taxation, 151 Ohio St., 404, 86 N. E. (2d), 467.
In the opinion of this court, upon the record, none of the property of the post, under consideration in the instant case, is entitled to exemption from taxation.
The decision of the Board of Tax Appeals is, accordingly, modified and, as modified, affirmed.

Decision modified and, as modified, affirmed.

Weygandt, C. J., Zimmerman, Matthias and Hart, JJ., concur.
Matthias, J., concurring. I concur for the reasons stated for my dissent in cases Nos. 32774 to 32780, inclusive, this day decided.
Stewart, Middleton and Taft, JJ., dissent.