30

Vick, Appellant, *v.* Cleveland Memorial Medical
Foundation et al., Appellees.

(No. 38843—Decided March 31, 1965.)

*Mr. Alan E. Berman* and *Mr. Wilton S. Sogg,* for appellant.

*Mr. Perry L. Graham* and *Mr. Reuel A. Lang,* for appellee Cleveland Memorial Medical Foundation.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Thomas P. Cyrus,* for appellee Ralph Perk, County Auditor.

O'NEILL, J.  The question presented by this appeal is whether the decision of the Board of Tax Appeals is lawful and reasonable.

It is stipulated that the Cleveland Memorial Medical Foundation is a corporation not for profit, organized and existing under the laws of Ohio, that it is the owner of the property in question, and that it operates a hospital upon the premises.

Since it was determined by the Board of Tax Appeals in 1949 that the property in question was used exclusively for a charitable purpose and, therefore, was exempt from taxation, and the county auditor has listed this property as exempt from taxation each year since that time, the burden of proof is upon the appellant to produce sufficient evidence to substantiate his allegations that the property should lose its exemption now and be listed for taxation.

All the evidence in the record was submitted by the appellant.

The record shows that such property was originally purchased by the corporation with money solicited from physicians and was remodeled and expanded from time to time until reaching its present capacity. The hospital maintains no out-patient clinic but does maintain an emergency room. No one has ever been refused admittance to the hospital on the basis of race, creed, color or inability to pay. Patients who are unable to pay are not separated from the rest of the patients in the hospital but are treated the same as those who are able to pay.

The appellant presented no evidence showing how many medically indigent patients were treated or what the ratio was between paying and nonpaying patients. The percentage of nonpaying patients was estimated to be about six or seven per cent, and counsel for appellant conceded that "some" charity work was done.

The evidence shows that the hospital had accumulated a surplus fund in excess of $700,000 as of December 31, 1962. The record shows further that the hospital had entered into a contract with the Renner Clinic, located next door, under which contract the hospital retained the first 20 per cent of the gross billings of the X-ray department of the hospital for overhead, administrative and clerical costs, losses, bad debts and free service, with the remaining 80 per cent being divided into two equal parts, one of which the hospital distributed to the clinic and the other part it retained. Under this contract, the clinic paid the salaries and fees of the several physicians who read X-rays for the hospital. The clinic was not liable or obligated or responsible for any other expense, costs, debts or obligations of the X-ray department of the hospital.

The appellant asserts that the accumulation of the surplus fund indicates that the hospital made a private profit, and that the arrangement with the clinic for the reading of X-rays is evidence that funds of the hospital were diverted for the private gain of individual physicians who were connected with the hospital and the clinic.

There is no evidence that the hospital was being operated for private profit, or that any funds of the hospital, including the surplus, were being diverted to wrongful uses, nor is there

any evidence to show that the hospital was being operated in a substantially different manner from the manner in which it was operated in 1949 when the exemption was first granted by the Board of Tax Appeals.

Where a corporation not for profit is operating a hospital for the primary purpose of providing services for those in need, without regard to race, creed, color or ability to pay, the facts that the hospital charges patients who are able to pay for its services and that a surplus has been created in the hospital fund (no part of which has been diverted to a private profit) do not change its essentially charitable nature. *Goldman* v. *Friars Club* (1952), 158 Ohio St. 185, 107 N. E. 2d 518; *Taylor* v. *Protestant Hospital Assn.* (1911), 85 Ohio St. 90, 96 N. E. 1089. The fifth paragraph of the syllabus in *O'Brien, Treas.,* v. *Physicians Hospital Assn.* (1917), 96 Ohio St. 1, 116 N. E. 975, states the law applicable in this case, as follows:

"A public charitable hospital may receive pay from patients who are able to pay for the hospital accommodations they receive, but the money received from such source becomes a part of the trust fund, and must be devoted to the same trust purposes and cannot be diverted to private profit. (*Taylor, Admr.,* v. *The Protestant Hospital Assn.,* 85 Ohio St. 90, approved and followed.)"

On the basis of the record, the board could find that the complainant failed to present sufficient evidence to substantiate the material allegations of his complaint. This court can not say that the findings of the board are unreasonable or unlawful.

The decision of the Board of Tax Appeals is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., CORRIGAN and BROWN, JJ., concur.

MATTHIAS, HERBERT and SCHNEIDER, JJ., dissent.

CORRIGAN, J., of the Eighth Appellate District, sitting for ZIMMERMAN, J.