CRESTVIEW OF OHIO, INC., APPELLANT, *v.* DONAHUE, TAX
COMMR; GALVIN, AUDITOR OF LUCAS COUNTY, APPELLEE.

(No. 41261—Decided May 1, 1968.)

122

*Messrs. Watkins, Watkins & Knight, Mr. Harley A. Watkins, Mr. James L. Knight* and *Mr. William E. Downing,* for appellant.

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. John Hayward,* for appellee.

*Per Curiam.* The determination of the Board of Tax Appeals that none of the four parcels of land owned by this admittedly worthwhile corporation are being used exclusively for charitable purposes is not unreasonable and unlawful, and the decision of the board is, therefore, affirmed.

The two parcels occupied by the Crestview Club Apartments, and the house of the executive director of Crestview of Ohio, Inc., are being used for private residences, and are not exempt. *Philada Home Fund* v. *Board of Tax Appeals,* 5 Ohio St. 2d 135, and cases there cited.

The parcel containing the small golf course for the residents of Crestview Club Apartments and their guests does not, in the language of *Planned Parenthood Assn.* v. *Tax Commr.,* 5 Ohio St. 2d 117, represent "an attempt in

good faith, spiritually, physically, intellectually, socially and economically to advance and benefit mankind in general, or those in need of advancement and benefit in particular,'' so as to require a finding of community benefit which would justify the loss of tax revenue involved.

It is also reasonable and lawful for the board to have determined that the remaining parcel, containing Lake Park Hospital and Nursing Care Center, is not being used exclusively for charitable purposes. It has been held that even an acute care hospital should have as an important objective the care of the poor, needy and distressed who are unable to pay in order to be considered exclusively charitable. *Cleveland Osteopathic Hospital* v. *Zangerle*, 153 Ohio St. 222. There is no reason why this requirement should not apply equally to convalescent care hospitals, since, if anything, they are less essential than acute care hospitals.

The executive director of Crestview testified that he could remember of only one patient at Lake Park Hospital who was not required to pay the full charges.

In the light of this fact alone, the conclusion of the board is justifiable.

*Decision affirmed.*

ZIMMERMAN, DUFFY, HERBERT and BROWN, JJ., concur.

TAFT, C. J., and SCHNEIDER, J., dissent from the judgment so far as it denies exemption to the parcel upon which is located the Lake Park Hospital and Nursing Care Center.

O'NEILL, J., not participating.

DUFFY, J., of the Tenth Appellate District, sitting for MATTHIAS, J.