CARMELITE SISTERS, ST. RITA'S HOME, APPELLANT, *v.* BOARD
OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION,
APPELLEE.

(No. 68-161—Decided April 30, 1969.)

42

*Messrs. Connor, Connor & Bennett* and *Mr. John D. Connor,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. C. Richard Gregg,* for appellee.

DUNCAN, J. The question before the court is whether St. Rita's Home, appellant herein, is an "employer," as defined in Section 4141.01 (A), Revised Code, required to make contributions to the Unemployment Compensation Fund. The Home contends that it is not an "employer" because it is "* * * organized and operated exclusively for * * * charitable * * * purposes * * * the activities of which are confined exclusively to the rendition of service * * * for its * * * charitable * * * purposes * * *." Section 4141.01 (B) (2) (h), Revised Code. The Board of Review, appellee herein, contends that the Home's activities are not "* * * confined exclusively to the rendition of service * * * for its * * * charitable * * * purposes," since all the residents pay something toward their upkeep and a majority of them pay a rate which more than defrays the cost of their own upkeep.

To sustain the Home's contention we must find that the care of the aged and infirm by a home operated by a corporation not for profit constitutes "* * * activities * * * confined exclusively to the rendition of service * * * for its * * * charitable * * * purposes." Section 4141.01 (B) (2) (h), Revised Code. The board contends that *Philada Home Fund* v. *Board of Tax Appeals,* 5 Ohio St. 2d 135, is controlling here and compels us to reject the Home's contention. That case held that the real property of a non-

profit corporation which was used for apartments for aged and needy persons was not used exclusively for charitable purposes and was not exempt from real property taxation. The *Philada Home Fund case* may be distinguished on its facts from the instant case, and we hold that a corporation not for profit which operates a home caring for the aged and infirm is not an employer, under Section 4141.01 (A), Revised Code, liable to contribute to the Unemployment Compensation Fund.

In *Philada Home Fund* v. *Board of Tax Appeals, supra,* apartments built and operated by a nonprofit corporation were offered for rent to "aged and needy self-respecting persons of good character," with preference given to couples over individuals. No services were provided for the residents of the Philada Home, other than those provided to a lessee of any age in any apartment building. It does not appear that the Philada Home had a doctor on call at all times, or a registered nurse and two practical nurses on its staff as does the Home in the instant case. Nor did the Philada Home provide meals, dietary or other treatment and care for its residents. In summary, the Philada Home was not used exclusively for charitable purposes since it did not care for its residents in ways they could not care for themselves.

The board seeks to distinguish the instant case from the public charitable hospital cases, culminating in *Vick* v. *Cleveland Memorial Medical Foundation,* 2 Ohio St. 2d 30, on the sole ground that the Home is not a hospital. In paragraph two of the syllabus of *Vick* the court said:

"Where a corporation not for profit is operating a hospital for the primary purpose of providing services to those in need, without regard to race, creed, color or ability to pay, the facts that the hospital charges patients who are able to pay for its services and that a surplus has been created in the hospital fund (no part of which has been diverted to a private profit) do not change its essentially charitable nature."

In the years since 1912, when the Ohio Constitution was amended so that exemption from taxation might be

granted to "institutions used exclusively for charitable purposes" (instead of "institutions of purely public charity" as previously provided), our concept of charity has changed a great deal. We no longer tolerate the notion that the aged, sick and needy must suffer and die without special care if they cannot afford to pay for it, or if, having money, there is some other reason they cannot obtain it.

Both a sick person in a hospital and a resident in a home for the aged and infirm are there because they need to be cared for when they cannot do so for themselves. The fulfillment of that need for care is the charitable purpose of the hospital in *Vick*, and of the Home in this case. We reaffirm the rationale of paragraph two of the syllabus in the *Vick case* and deem it controlling here.

Because of the foregoing discussion of the *Philada Home Fund case*, we find it necessary to review our decision in *In re Exemption of Real Property From Taxation by Lutheran Senior City*, 9 Ohio St. 2d 151, where, on facts almost identical to those in this case, we affirmed, on the authority of *Philada Home Fund*, a decision of the Board of Tax Appeals denying application for exemption from real property taxation. Since the facts in the *Lutheran Senior City case* should have been distinguished from the *Philada Home Fund case*, as we do in this case, we overrule our decision in the *Lutheran Senior City case*.

We must also reconsider our decision in *Crestview, Inc.*, v. *Donahue* (1968), 14 Ohio St. 2d 121, where we held that a community operated by a nonprofit corporation, affiliated with the Methodist Flower Hospital of Toledo (consisting of a 170-unit apartment for people over 65 years of age, the residence of the director, an undeveloped meadow and small golf course for the use of the residents, and a hospital and nursing care center), was not exempt from real property taxation for the reason that none of the parcels of land were being used exclusively for charitable purposes. The opinion in the *Crestview case* reveals that residents of the apartment unit were required to pay a fee for food and that a guaranteed life-care plan was part of the contract with every resident.

Since we take the view that all services connected with the care of the aged and infirm in such a home are for charitable purposes the decision in *Crestview, Inc.,* v. *Donahue, supra* (14 Ohio St. 2d 121), is overruled, except as to the undeveloped meadow, the small golf course and the residence of the executive director. See *Doctors Hospital* v. *Board of Tax Appeals,* 173 Ohio St. 283; *Western Reserve Academy* v. *Board of Tax Appeals,* 153 Ohio St. 133.

The board contends that reasons of public policy, such as the encouragement of economic growth, require that liability for contributions to the Unemployment Compensation Fund be spread among the greatest number of employers, including some, at least, who benefit from real property and inheritance tax exemptions because of their charitable purposes. We reject this argument since we adhere to the time-honored rule of statutory construction which decrees that the legislative intent may be inquired into only if the enactment is ambiguous upon its face. There may be good reasons why charitable institutions which are exempt from real property and inheritance taxation should not be exempt from contributing to the Unemployment Compensation Fund, but such reasons are not readily apparent from the statutes creating the various charitable exemptions which are similarly worded.

For the reasons stated, we find that the judgment of the Court of Appeals is contrary to law, and is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., O'NEILL, SCHNEIDER and COLE, JJ., concur.

ZIMMERMAN and MATTHIAS, JJ., dissent.

COLE, J., of the Third Appellate District, sitting for HERBERT, J.