In re Application of The American Legion of Ohio for Exemption from Taxation.

[Cite as In re Application of American Legion, 20 Ohio St. 2d 121.]

(No. 69-312—Decided December 17, 1969.)

*Mr. William E. Rathman,* for appellant, The American Legion of Ohio.

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. William W. Holmes,* for appellee, Board of Tax Appeals.

MATTHIAS, SCHNEIDER and DUNCAN, JJ., concurring. The American Legion of Ohio filed an application for tax exemption for .724 acres of real estate upon which is located a building used as its state headquarters.

The basis for this application is Section 5709.17, Revised Code, which reads:

"Real estate * * * occupied by a war veterans organization, which is organized exclusively for charitable purposes and incorporated under the laws of this state or the United States, except real estate held by such organization for the production of rental income, shall be exempt from taxation."

It is conceded that the real estate here involved is not held for the production of any income and is used for the business of the American Legion, Department of Ohio, Inc., an Ohio corporation organized not for profit.

In *In re Application of American Legion* (1949), 151 Ohio St. 404, 86 N. E. 2d 467, it is stated in the opinion by the court, after reference to constitutional and statutory

provisions requiring exclusive use for charitable purposes: "* * * the use of the real property in question must be exclusively for charitable purposes.

"It is argued that the American Legion, Department of Ohio, Inc., is a charitable institution. There can be no doubt that the appellant engages in work which may be properly classified as charitable. For such work it is entitled to be highly praised. That the main purpose for which appellant was incorporated and exists is fraternal, there can be no doubt."

The purpose clause of the Articles of Incorporation of the applicant reads:

"Said corporation is formed for the purpose of the formation of a fraternal association composed of all veterans of the military or naval service to the United States during the periods * * * [here certain periods are specified]."

No other purpose is specified in the Articles of Incorporation.

It follows that our decision in *In re Application of American Legion, supra* (151 Ohio St. 404), requires us to sustain the decision of the Board of Tax Appeals denying tax exemption in the instant case.

*Decision affirmed.*

HERBERT, J., concurring. Decisions of this court have long and clearly stood for the proposition that the significant factor to consider in measuring tax status is the activity engaged in by an organization in question. *Cullitan* v. *Cunningham Sanitarium* (1938), 134 Ohio St. 99, 16 N. E. 2d 205; *Zindorf* v. *Otterbein Press* (1941), 138 Ohio St. 287, 34 N. E. 2d 748; *Incorporated Trustees of the Gospel Worker Society* v. *Evatt* (1942), 140 Ohio St. 185, 42 N. E. 2d 900; *Bowers* v. *Akron City Hospital* (1968), 16 Ohio St. 2d 94, 243 N. E. 2d 95. See *Carmelite Sisters, St. Rita's Home,* v. *Bd. of Review* (1969), 18 Ohio St. 2d 41, 247 N. E. 2d 477, which distinguished *Philada Home*

*Fund* v. *Board of Tax Appeals* (1966), 5 Ohio St. 2d 135, 214 N. E. 2d 431, and overruled *Crestview, Inc.,* v. *Donahue* (1968), 14 Ohio St. 2d 121, 236 N. E. 2d 668, and *In re Exemption of Real Property From Taxation* (1967), 9 Ohio St. 2d 151, 224 N. E. 2d 352. See, also, *Vick* v. *Cleveland Memorial Medical Foundation* (1965), 2 Ohio St. 2d 30, 206 N. E. 2d 2.

The decisions of this court have also provided impetus to the conclusion that the presence or absence of a statement of exclusive charitable purpose in Articles of Incorporation is neither determinative nor necessary in deciding tax status. See *Carmelite Sisters, St. Rita's Home,* v. *Bd. of Review, supra*; *Planned Parenthood Assn.* v. *Tax Commr.* (1966), 5 Ohio St. 2d 117, 214 N. E. 2d 222.

Since the majority agrees that the instant appellant's activities are "charitable," and the parties herein concede that no profit accrues thereform, I find the consistency of this decision elusive at best. However, my disagreement with those cases which, upon their facts, would broadly expand the premises of exemption from taxation, and the holding in the case at bar which, I believe, retreats from such expansion, permits me to concur with the instant result.

CORRIGAN, J., dissenting. The purpose for the existence of the American Legion, chartered by the Congress of the United States, is indisputable, is readily ascertainable by anyone, and judicial notice thereof may be taken by this court.

The purpose is stated in the Preamble to the Constitution of the American Legion as follows:

"For God and Country, we associate ourselves together for the following purposes:

"To uphold and defend the Constitution of the United States of America; to maintain law and order; to foster and perpetuate a one hundred per cent Americanism; to preserve the memories and incidents of our associations in the great wars; to inculcate a sense of individual obliga-

tion to the community, state and nation; to combat the autocracy of both the classes and the masses; to make right the master of might; to promote peace and good will on earth; to safeguard and transmit to posterity the principles of justice, freedom and democracy; to consecrate and sanctify our comradeship by our devotion to mutual helpfulness.''

The Department of Ohio of the American Legion is chartered by the National Headquarters, and by the acceptance of this charter the Department of Ohio acknowledges irrevocable jurisdiction and to be in all things subject to such Constitution of the American Legion.

By such action, all districts and all posts and all members in the Department of Ohio are bound by the provisions of the National Constitution, and its stated purpose, as given above in the Preamble, defines the purpose of the Department, the purpose of each district organization, and the purpose of each post authorized.

These lofty ideals may seem altruistic, but they certainly reflect Christian love of our fellow man, or true charity. It is agreed that the activities of the American Legion, Department of Ohio, Inc., are ''charitable'' and that the real property for which a tax exemption is sought produces no income and is used in connection with such charitable activities of the appellant.

I disagree with the view ''* * * that the main purpose for which appellant was incorporated and exists is fraternal * * *.''

It is my considered judgment that the real property in question in this appeal is used by a war-veterans organization, which is organized exclusively for charitable purposes, and, as such, is entitled to be exempt from taxation under the provisions of Section 5709.17, Revised Code.

Accordingly, I dissent from the judgment of my esteemed colleagues on the majority.

TAFT, C. J., dissents. See *State, ex rel. Dickman,* v. *Defenbacher,* 164 Ohio St. 142.

O'NEILL, J., dissents.