THE SPRINGFIELD ART ASSN., APPELLANT, *v.* PORTERFIELD, TAX COMMR., ET AL., APPELLEES.

(No. 696—Decided April 15, 1970.)

*Messrs. Martin, Browne, Hull & Harper* and *Mr. Hugh Barnett,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. R. A. Malrick,* for appellees.

KERNS, P. J. This appeal stems from an order of the Board of Tax Appeals denying tax exemption to the Springfield Art Association, appellant herein.

The appellant was organized as a nonprofit corporation in 1951 and has operated continuously since that time for the purpose of developing art appreciation and providing art instruction in the city of Springfield, Ohio. Specifically, the constitution and bylaws of the organization provide that it was instituted "to encourage participation in, and enjoyment of, the visual arts and to promote art instruction on a nonprofit basis."

In 1967, the association completed the construction of an art center on land leased from the city of Springfield. The land was leased to the appellant by the municipal corporation for $1.00 per year, and the lease is conditioned upon a provision that the premises be used exclusively for the purpose of an art center.

The completed structure was then appraised for purposes of real estate taxation. Thereafter, the appellant filed applications for exemption from taxes for 1967 and 1968, and the Clark County auditor recommended that the applications be allowed.

Subsequently, a hearing was conducted by an officer of the Board of Tax Appeals which resulted in the denial of the applications for exemption.

The record of the hearing discloses that the art center was built by public subscription and is exempt from federal income tax. Contributions made to the association by interested donors are deductible in computing their taxable net income.

The appellant offers art classes for the benefit of both adults and children and conducts exhibitions which are open to the public without charge. Fees and tuition are ordinarily charged for the art classes, but free instruction is sometimes provided for young people who are unable to pay the usual fees and tuition.

The evidence discloses further that the fees and tuition are used to pay instructors, who are from area colleges, and that the tuition charge does no more than offset

the cost of the instruction. The appellant also receives a commission on any art work sold as a result of the public exhibitions at the art center, but this source of revenue has provided only minimal income.

Membership in the Springfield Art Association is open to anyone "in sympathy with the purpose of the organization," and none of the officers or members of the organization receive any salary or other compensation.

In denying the relief sought, the Board of Tax Appeals alluded to the single fact that the appellant received over $11,500 in 1967 and over $12,000 in 1968 in tuition and fees. However, this particular fact is substantially neutralized by other pertinent evidence in the record which shows that the income was completely disbursed in the overall operation of the art center. The record as a whole reflects no view to profit, and the mere fact that the association does have income is not determinative of the issue presented herein. See *Vick* v. *Cleveland Memorial Medical Foundation* (1965), 2 Ohio St. 2d 30; *Goldman* v. *Friars Club* (1952), 158 Ohio St. 185. In the case of *College Preparatory School For Girls* v. *Evatt* (1945), 144 Ohio St. 408, a private school charging substantial tuition was held to be exempt.

In denying exempt status, the board also referred to the definition of "charity" as provided in the case of *Planned Parenthood Assn.* v. *Tax Commr.* (1966), 5 Ohio St. 2d 117, but neither the facts of that case, nor the definition provided therein, lend any support to the position of the taxing authority in the present case. On the contrary, the record suggests that the activities promoted at the art center do, within certain limitations, intellectually and socially advance and benefit mankind. Furthermore, the evidence is undisputed that these activities are carried out without any expectation of gain or profit.

It is fundamental, of course, that exemption statutes must be strictly construed, but this rule has not deterred the Supreme Court of Ohio from giving extremely broad application to the terms "charity" and "for charitable purposes," as those terms are used in the exemption stat-

utes. See *Goldman* v. *Friars Club* (1955), 158 Ohio St. 185; *Planned Parenthood Assn.* v. *Tax Commr.* (1966), 5 Ohio St. 2d 117; *American Humanist Assn.* v. *Board of Tax Appeals* (1963), 174 Ohio St. 545; *American Issue Publishing Co.* v. *Evatt, Tax Commr.* (1940), 137 Ohio St. 264; *Thomas, Aud.,* v. *Board of Tax Appeals* (1966), 5 Ohio St. 2d 182; *Denison University* v. *Board of Tax Appeals* (1965), 2 Ohio St. 2d 17. See, also, *Bryan Chamber of Commerce* v. *Bd. of Tax Appeals* (1966), 5 Ohio App. 2d 195.

R. C. 5709.12, which pertains to the exemption of property used for charitable purposes, has produced an abundance of litigation, and the ultimate determination of the question whether property is used for charitable purposes must, of necessity, be determined from the facts of each particular case. 51 Ohio Jurisprudence 2d 130, Section 107. However, a perusal of numerous cases does disclose generally that the Supreme Court is not disposed to exercise as much interpretive restraint as was employed by the Board of Tax Appeals in the present case. And this judicial attitude appears to have received legislative sanction in R. C. 5709.121 effective October 24, 1969, which defines "exclusively for charitable purposes" to include " * * * area centers in which presentations in music, dramatics, the arts, and related fields are made in order to foster public interest and education therein."

This appeal is on questions of law, and this court may consider only matters presented at the hearing of the Board of Tax Appeals. *Bless* v. *Bowers* (1959), 109 Ohio App. 443.

Upon the record presented herein, and in line with the tests for exemption currently being applied by the Supreme Court of Ohio, we are of the opinion that the decision of the Board of Tax Appeals is unlawful, and accordingly, the decision will be reversed and final judgment entered for the appellant.

*Decision reversed.*

SHERER and CRAWFORD, JJ., concur.