TOLEDÒ BUSINESS & PROFESSIONAL WOMEN'S RETIREMENT
LIVING, INC., APPELLANT, *v.* BOARD OF TAX APPEALS ET AL.,
APPELLEES.

(No. 70-639—Decided July 21, 1971.)

*Messrs. Spengler, Nathanson, Heyman, McCarthy &
Durfee, Mr. Norman Rubinoff* and *Mr. David A. Katz,* for
appellant.

*Mr. William J. Brown,* attorney general, and *Mr.
Peter A. Stratigos,* for appellees.

SCHNEIDER, J. The taxpayer, a nonprofit corporation, owns and operates "low-rent retirement living apartments with attendant facilities for aged occupants." The annual income maximum for occupancy is $5,250 for couples and $4,300 for individuals.

The "attendant facilities" include central, as well as individual kitchens, safety devices in the building, recreational activities designed for mental and physical therapy and advancement. Medical and nursing care are claimed to be available, but the record is thin as to the terms and conditions upon which it is furnished.

The argument for exemption is two-pronged. It is claimed that, by our decision in *Carmelite Sisters, St. Rita's Home*, v. *Bd. of Review* (1969), 18 Ohio St. 2d 41, this court has adopted as the law the pronouncements contained in the dissenting opinion in *Philada Home Fund* v. *Board of Tax Appeals* (1966), 5 Ohio St. 2d 135. But if that claim is not well-founded, we are urged to promulgate those pronouncements as the law by a reversal in this case.

One barrier to the success of that argument was erected by the General Assembly in amending R. C. 5709.12[1] and enacting R. C. 5701.13,[2] both in February 1968, after the

[1]Section 5709.12.

"Lands, houses, and other buildings belonging to a county, township, or municipal corporation and used exclusively for the accommodation or support of the poor, or leased to the state or any political subdivision for public purposes shall be exempt from taxation. Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation. All property owned and used by a non-profit organization exclusively for a home for the aged, as defined in Section 5701.13 of the Revised Code, shall also be exempt from taxation. Provided, however, that taxes which became a lien on the real property of the applicant, prior to January 1, 1967, shall not be permitted."

[2]Section 5701.13.

"As used in Title LVII [57] of the Revised Code, and for the purpose of other sections of the Revised Code which refer specifically to Chapter 5701 or Section 5701.13 of the Revised Code, a 'home for the aged' means a place of residence for aged persons which meets all of the following standards:

issues in the *Carmelite* case were framed. Those statutes represent the exercise of the constitutional power, which was recognized in the third paragraph of the syllabus of *Denison University* v. *Board of Tax Appeals* (1965), 2

"(A) It is owned or operated by a corporation, unincorporated association, or trust of a charitable, religious, or fraternal nature, which is organized and operated not for profit, and which is not formed for the pecuniary gain or profit of, and whose net earnings or any part thereof is not distributable to, its members, trustees, officers, or other private persons.

"(B) Not more than ninety-five per cent of the expenses of caring for the residents of such home comes from the residents or is paid to the home in behalf of the residents. For the purpose of calculating the cost of care of the residents for this section, the following are not considered expenses:

"(1) Any interest payments to the extent that such payments exceed the rate of six per cent per year and any payment of principal on any debt;

"(2) Any depreciation charge related to structures or improvements to land which exceeds a two per cent annual, straight-line depreciation;

"(3) Any depreciation charge related to tangible personal property which exceeds a twenty per cent annual, straight-line depreciation.

"(C) The home does not pay, directly or indirectly, compensation for services rendered, interest on debts incurred, or purchase price for land, building, equipment, supplies, or other goods or chattels, which compensation, interest, or purchase price is unreasonably high.

"(D) The following services are available, as needed by residents of the home, and shall be provided, at or below reasonable cost, for the life of each resident without regard to his ability to continue payment for the full cost thereof:

"(1) Lodging;

"(2) Prepared food;

"(3) Custodial care;

"(4) Medical and nursing care;

"(5) Such additional services as may be required for the full care of the resident.

"A service is provided, within the meaning of this division, if the home pays, or guarantees the payment, for all reasonable costs of securing such service on behalf of each resident and it can be secured without unreasonable inconvenience to the residents.

"Exemption from taxation shall be accorded, on proper application, only to those homes which meet the standards and provide the services specified in this section."

Ohio St. 2d 17, to determine exemptions from taxation. By their adoption, the General Assembly has marked for exemption from taxation "all property owned and used by a nonprofit organization exclusively for a home for the aged, as defined in" R. C. 5701.13, which established the criteria for a "home for the aged."

Necessarily, that power is lodged exclusively in the General Assembly, and once it has chosen a specific subject for tax exemption, and defined the criteria, the function of the executive and judicial branches is limited to applying those criteria to a particular case, or to interpreting them if necessary. Any other interpretation of Section 2 of Article X of our Constitution would constitute an usurpation of the power thereby granted in favor of, and a co-sharing of that power by, those other branches.

Unlike the situation in *Philada Home Fund* v. *Board of Tax Appeals, supra* (5 Ohio St. 2d 135), *In re Exemption of Real Property From Taxation by Lutheran Senior City* (1967), 9 Ohio St. 2d 151; *Crestview, Inc.,* v. *Donahue* (1968), 14 Ohio St. 2d 121, or even in *Carmelite Sisters, St. Rita's Home,* v. *Bd. of Review, supra* (18 Ohio St. 2d 41), the taxpayer here frankly abjures the fact that any of its tenants or occupants will be afforded wholly or partially rent-free quarters if their financial plight would require it, or that the rents of some will be used to defray the costs of furnishing housing to others less fortunate financially. Thus, the taxpayer, while claiming to own and operate a home for the aged, does not meet the requirements of R. C. 5701.13, and therefore its property cannot be accorded tax-exempt status.

The taxpayer urges that R. C. 5709.121,[3] effective Octo-

---

[3]Section 5709.121.

"Real property and tangible personal property belonging to a charitable or educational institution or to the state or a political subdivision, shall be considered as used exclusively for charitable or public purposes by such institution, the state, or political subdivision, if it is either:

"(A) Used by such institution, the state, or political subdivision,

ber 24, 1969, vitiates the dissenting opinion in *Philada Fund Home* v. *Board of Tax Appeals, supra* (5 Ohio St. 2d 135). But its general language cannot be construed to affect the special requirements of R. C. 5709.12 and 5701.13, as amended and adopted respectively a year and one-half earlier.

A third barrier to the argument is that *Carmelite Sisters, St. Rita's Home,* v. *Bd. of Review, supra* (18 Ohio St. 2d 41), decided that the institution therein involved was not an "employer" within the meaning of R. C. 4141.04(A), and thus was not liable to contribute to the unemployment compensation fund because its activities were "confined exclusively to the rendition of service for its charitable purposes." R. C. 4141.01(B)(2)(h). Whether the Toledo Business & Professional Women's Retirement Living, Inc., is amenable to those statutes is not before us in this case. In view of the existence of R. C. 5709.12 and 5701.13, *Carmelite* cannot support the exemption of this taxpayer from property taxes.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

---

or by one or more other such institutions, the state, or political subdivisions under a lease, sublease, or other contractual arrangement:

"(1) As a community or area center in which presentations in music, dramatics, the arts, and related fields are made in order to foster public interest and education therein;

"(2) For other charitable, educational, or public purposes;

"(B) Otherwise made available under the direction or control of such institution, the state, or political subdivision for use in furtherance of or incidental to its charitable, educational, or public purposes and not with the view to profit,"