Lundberg Stratton, J.,
concurring.
{¶ 23} Although I believe that providing subsidized housing for the underprivileged is a charitable use that should be exempt from taxation, the court is bound by a long line of cases that hold otherwise. Therefore, I reluctantly concur.
{¶ 24} Some property used for subsidized housing for the elderly is exempt from taxation under R.C. 5709.12(B) and 5701.13 as being used for a charitable purpose. Christian Benevolent Assn. of Greater Cincinnati, Inc. v. Limbach (1994), 69 Ohio St.3d 296, 631 N.E.2d 1034. However, property used for subsidized housing for the underprivileged is not exempt from taxation because “[a] long line of Ohio cases hold[s] that property partly or incidentally used for private residence is nonexempt as not used exclusively for charitable purposes.” Philada Home Fund v. Bd. of Tax Appeals (1966), 5 Ohio St.2d 135, 137, 34 O.O.2d 262, 214 N.E.2d 431.
*401 Karen H. Bauernschmidt Co., L.P.A., Karen H. Bauernschmidt, and Charles J. Bauernschmidt, for appellant.
Richard Cordray, Attorney General, and Sophia Hussain and Lawrence D. Pratt, Assistant Attorneys General, for appellee Tax Commissioner Richard A. Levin.
Rich & Gillis Law Group, L.L.C., and Mark H. Gillis, for appellee Columbus City School District Board of Education.
{¶ 25} It is difficult to reconcile why using property to provide subsidized housing for the elderly is a charitable use of property, while using property to provide subsidized housing for the underprivileged is not. Subsidized housing for both groups would seem to fall within the definition of a charitable use, which this court has defined as “the attempt in good faith, spiritually, physically, intellectually, socially and economically to advance and benefit mankind in general, or those in need of advancement and benefit in particular, without regard to their ability to supply that need from other sources, and without hope or expectation, if not with positive abnegation, of gain or profit by the donor or by the instrumentality of the charity.” Planned Parenthood Assn. of Columbus, Ohio v. Tax Commr. (1966), 5 Ohio St.2d 117, 34 O.O.2d 251, 214 N.E.2d 222, paragraph one of the syllabus. However, the authority to create tax exemptions “ ‘is lodged exclusively in the General Assembly.’ ” Christian Benevolent Assn. of Greater Cincinnati, Inc., 69 Ohio St.3d at 299, 631 N.E.2d 1034, quoting Toledo Business & Professional Women’s Retirement Living, Inc. v. Bd. of Tax Appeals (1971), 27 Ohio St.2d 255, 258, 56 O.O.2d 153, 272 N.E.2d 359. Therefore, I would invite the General Assembly to examine this inconsistency and consider whether providing housing for the poor should also be considered to be a charitable use of property that is exempt from taxation.
{¶ 26} Accordingly, because the court is bound by precedent to hold that using property to provide subsidized housing for the underprivileged is not a charitable use that is exempt from taxation, I reluctantly concur.